396 A.2d 424

**COMMONWEALTH of Pennsylvania**

v.

**Wansley O. McNEAL, Appellant.**

Superior Court of Pennsylvania.

Submitted March 20, 1978.

Decided Dec. 22, 1978.

---

Roy H. Davis, Assistant Public Defender, Drexel Hill, for appellant.

Frank T. Hazel, District Attorney, Media, for Commonwealth, appellee.

Before JACOBS, President Judge, and HOFFMAN, CER-
CONE, PRICE, VAN der VOORT, SPAETH and HESTER,
JJ.

SPAETH, Judge:

The question raised on this appeal is whether appellant
was denied effective assistance of counsel when counsel
failed to preserve for appeal the question of timely trial
under Rule 1100.

A criminal complaint charging appellant with theft by
deception was filed on January 7, 1975. Two more such
complaints were filed on March 12, 1975. At these times,
appellant was a fugitive from Virginia authorities on unre-
lated charges. He was subsequently apprehended in Wash-
ington, D. C., and was jailed there on federal charges.

On August 18, 1975, Peter D. Ward, assistant federal
public defender in Maryland, wrote a letter to the Delaware
County district attorney's office, revealing appellant's
whereabouts, and advising that appellant planned to plead
guilty to the federal charges. On September 3, 1975, Ward
wrote another such letter, saying that the guilty plea would
be entered September 30, and inquiring whether Delaware
County still planned to prosecute appellant on its charges.

In an undated letter, Ward advised the Delaware County
district attorney's office that on November 11, 1975, appel-
lant had been sentenced to three concurrent ten-year terms
in federal court; he again inquired whether Delaware Coun-
ty still intended to prosecute. Although undated, this letter
must have been sent sometime between November 11 and
November 20, for a letter from Ward to appellant, dated
November 21, notified appellant that Ward had written such
letters to the various states in which charges against appel-
lant were outstanding.

On January 12, 1976, Ward wrote the Delaware County
district attorney's office advising that appellant was serving
his sentence in Atlanta, Ga., and asking what Delaware
County planned to do about its charges.

On April 20, 1976, appellant was officially notified by prison officials of all the detainers lodged against him; Delaware County's detainer was the only one listed.[1]

On June 2, 1976, Delaware County initiated extradition proceedings against appellant. On July 14 the Commonwealth filed a Rule 1100(c) petition to extend the time for trial. On July 26 an extension until November 30 was granted. On July 28 appellant was returned to Delaware County. Thereafter, appellant signed two Rule 1100 waivers and was granted two continuances. On October 18 appellant filed a Motion to Dismiss under Rule 1100(f). The motion was heard and denied October 20 and 21, and trial began October 25.

Appellant's privately retained trial counsel filed "boiler plate" post verdict motions on October 29, 1976, reserving the right to file additional reasons after the notes of testimony were transcribed. In February, 1977, the public defender entered an appearance. In March and May, the notes of testimony were filed. On June 24, 1977, the defender filed a brief in lieu of oral argument, in which the Rule 1100 issue was raised. However, since despite the reservation in the initial post verdict motions no further motion had been filed raising that issue, the lower court in dismissing the post-trial motions refused to consider it.

–1–

Before we may consider appellant's claim that trial counsel were ineffective[2] in not preserving the Rule 1100 issue

1. It is unclear from the record when the detainer was lodged. In its brief, the Commonwealth says it was lodged July 21, 1975, or even before Ward's first letter about appellant's whereabouts. On the other hand, a letter from Ward to appellant on August 4, 1976, refers to a February 12, 1976, letter from appellant's warden, stating that as of that date there were no detainers lodged against appellant.

2. The Commonwealth reads appellant's argument as aimed only at the first, retained, trial counsel. The Commonwealth thus argues that appellant has waived review of the Rule 1100 issue because the second counsel (the public defender) had ample time to file a supplemental motion raising the Rule 1100 issue. However, as the statement of questions in appellant's brief makes clear, appellant is

for review,[3] we must decide whether the public defender may make such an allegation on appeal, when it involves the conduct of the public defender below.

■ The Supreme Court has held that different members of the public defender's office are to be considered so linked that the failure of one to raise the ineffectiveness of another, like the failure of a single attorney to argue his own ineffectiveness, does not waive an issue for appeal. *Commonwealth v. Fox*, 476 Pa. 475, 383 A.2d 199 (1978); *Commonwealth v. Via*, 455 Pa. 373, 316 A.2d 895 (1974). Similarly, it has been held that at least in post-conviction hearings, the public defender will not be permitted to argue the effectiveness of trial counsel when trial counsel was also associated with the defender. *Commonwealth v. Sherard*, 477 Pa. 429, 384 A.2d 234 (1977); *Commonwealth v. Wright*, 473 Pa. 395, 374 A.2d 1272 (1977); *Commonwealth v. Beasley*, 249 Pa.Super. 162, 375 A.2d 809 (1977). This is the general rule for individual counsel as well; however, the Supreme Court has recently held that individual counsel will be permitted to argue his own ineffectiveness on appeal if reversible error is apparent on the record. *Commonwealth v. Gardner*, 480 Pa. 7, 389 A.2d 58 (1978); *Commonwealth v. Stanton*, 479 Pa. 521, 388 A.2d 1053 (1978); *Commonwealth v. Glasco*, 481 Pa. 490, 393 A.2d 11 (1978). It seems reasonable to extend the parallel between the public defender and individual counsel to allow one member of the public defender's office to raise the ineffectiveness of another member if reversible error is apparent on the record. *See Commonwealth v. Fox, supra; Commonwealth v. Fortune*, 257 Pa.Super. 30, 390 A.2d 230 (1978).

arguing that *both* counsel who represented him in the lower court were ineffective. Brief for appellant at 2a.

3. It is arguable that in fact neither counsel was ineffective because the Rule 1100 issue *was* properly preserved for review. In *Commonwealth v. Marrero*, 478 Pa. 97, 385 A.2d 1331 (1978), the Supreme Court said, albeit in *dictum*, that where an issue is not submitted in post-verdict motions but is set out in the brief in support of the motions, filed well in advance of oral argument, it is error for the lower court to refuse to consider the issue. *Cf. Commonwealth v. Kozek*, 479 Pa. 171, 387 A.2d 1278 (1978).

Whether there is such reversible error here involves the same considerations as are involved in the resolution of the question on the merits: whether appellant's counsel below were ineffective on the face of the record.

–2–

Whether counsel was ineffective depends on whether the claim not raised had arguable merit, and if so, whether counsel nonetheless had a reasonable basis for not raising it. *Commonwealth v. Hubbard, supra; Commonwealth ex rel. Washington v. Maroney*, 427 Pa. 599, 235 A.2d 349 (1967).

Here, appellant's Rule 1100 claim was not only *arguably* meritorious, but *was* meritorious. To review the facts briefly: About August 18, 1975, the Commonwealth was alerted to appellant's out-of-state imprisonment. Sometime in mid-November, 1975, the Commonwealth was notified of the disposition of federal charges against appellant. Yet the Commonwealth made no effort to extradite appellant until June 2, 1976.[4] The period from mid-November to June 2 by itself surpasses the 180 days allowable for trial of a defendant, absent a petition to extend, which the Commonwealth did not file until July 14, 1976. No part of this period may

4. At the Rule 1100 hearing below, the Commonwealth argued that it had an agreement with the United States Attorney's office that the United States Attorney would notify Delaware County when it could extradite appellant, and that this notification did not occur until May 24, 1976. While the transcript shows that letters pertinent to this agreement were entered into the record, they are not in the record on appeal, and the Commonwealth in its brief does not further describe, or indeed even make mention of, this agreement. Apparently, therefore, the Commonwealth has abandoned the point. In any case, even if such an agreement existed, it would not necessarily show due diligence. After the federal charges against appellant were settled, the Commonwealth had no reason to "agree" to subordinate its interest in trying appellant to the interest of other jurisdictions; had the Commonwealth gone ahead and formally requested extradition, and had the federal authorities or the appellant then refused, the exclusion of Rule 1100(d) would have come into force. *See* Comment, Rule 1100. As it was, there were apparently no other detainers on appellant. Had the Commonwealth requested extradition promptly, instead of waiting for months *after* it knew that the federal charges were settled, it appears that there would have been no reason appellant would not have been extradited immediately.

be excluded from the 180-day calculation under Rule 1100(d). Before time may be excluded, the Commonwealth must prove by a preponderance of the evidence that it has met the requirements of subsection (d), *Commonwealth v. Mitchell,* 472 Pa. 553, 372 A.2d 826 (1977). It must show that appellant's presence could not be secured despite its due diligence. *Commonwealth v. Kovacs,* 250 Pa.Super. 66, 378 A.2d 455 (1977). In *Kovacs,* this court held that the Commonwealth did not use due diligence to get custody of a defendant when it knew of the defendant's imprisonment outside the jurisdiction but did not request custody until eight months later. *See also Commonwealth v. Cunningham,* 247 Pa.Super. 302, 372 A.2d 473 (1977); *Commonwealth v. Martin,* 246 Pa.Super. 407, 371 A.2d 903 (1977); *Commonwealth v. McCafferty,* 242 Pa.Super. 218, 363 A.2d 1239 (1976). Similarly, the Commonwealth was not duly diligent here in delaying its request for custody for so long. Its petition to extend was therefore not timely filed.[5]

It is also clear that appellant's counsel below had no reasonable basis for not including the Rule 1100 issue in the post verdict motions. Aside from what appellant's first counsel might have planned, it is clear that the second counsel, who had the opportunity to file additional reasons for reversal, fully intended to raise the issue on appeal. At appellant's sentencing he requested permission to file a new motion in arrest of judgment *nunc pro tunc,* raising the Rule 1100 issue. He explained that the reason this had not been done before was the confusion brought on by a change of counsel and misplacement of the lower court transcripts. N.T. Sentencing 2–8.

Since counsel lacked any reasonable basis for the omission, and since the Rule 1100 claim was meritorious, we vacate the judgment of sentence and order appellant discharged. *Commonwealth v. Byrd,* 250 Pa.Super. 250, 378 A.2d 921 (1978).

5. Since the petition to extend was not timely filed, we need not consider the effect of appellant's Rule 1100 waivers, filed in connection with continuances requested subsequently. *Commonwealth v. Weber,* 256 Pa.Super. 483, 390 A.2d 206 (1978).

JACOBS, President Judge, and PRICE and VAN der VOORT, JJ., concur in the result.

HESTER, J., dissents.

HOFFMAN, J., did not participate in the consideration or decision of this case.