420 A.2d 555

**COMMONWEALTH of Pennsylvania**

v.

**Earl BEECHER, Appellant.**

Superior Court of Pennsylvania.

Submitted March 23, 1979.

Filed May 30, 1980.

Robert F. Pappano, Assistant Public Defender, Media, for appellant.

Frank T. Hazel, District Attorney, Media, for Commonwealth, appellee.

Before PRICE, SPAETH, and LIPEZ, JJ.

PRICE, Judge:

On October 7, 1977, appellant was convicted by a jury of robbery,[1] theft by unlawful taking,[2] simple assault,[3] aggravated assault,[4] conspiracy,[5] and attempted murder.[6] Post-trial motions in arrest of judgment and for a new trial were denied, and appellant was sentenced to concurrent three to six year terms of imprisonment on the robbery and aggravated assault charges. Sentence was suspended on the other convictions. Appellant takes this appeal from the judgment of sentence alleging that (1) the trial court improperly allowed a Commonwealth witness to make an in-court identification of him without first determining whether that identification was tainted by a suppressed photographic identification, (2) the trial court erred in permitting a Commonwealth witness, on cross-examination, to testify regarding the suppressed photographic identification, and (3) he was denied effective assistance of counsel at trial and in the preparation and argument of post-trial motions. We remand for appointment of new counsel and, therefore, decline to review the merits of these issues.

Appellant is represented on this appeal by members of the Delaware County Public Defender's Office, the same office that represented him at every stage of the proceedings in

1. 18 Pa.C.S. § 3701.

2. 18 Pa.C.S. § 3921.

3. 18 Pa.C.S. § 2701.

4. 18 Pa.C.S. § 2702.

5. 18 Pa.C.S. § 903.

6. 18 Pa.C.S. § 901.

this case.[7] It is well–settled in this Commonwealth that when an appellant raising ineffectiveness of trial counsel on appeal is represented by appointed counsel from the same office that represented him at trial, the proper course is to remand to the court of common pleas to allow appointment of new counsel not associated with trial counsel. *Commonwealth v. Patrick*, 477 Pa. 284, 383 A.2d 935 (1978); *Commonwealth v. Fox*, 476 Pa. 475, 383 A.2d 199 (1978); *Commonwealth v. Wright*, 473 Pa. 395, 374 A.2d 1272 (1977). This rule is based upon the premise that the mere association of appellate counsel with the same office that represented appellant at trial has the appearance of a conflict of interest that threatens counsel's duty of zealous advocacy. In such circumstances, "[t]he nature of the criminal process necessitates that even the appearance of partiality be scrupulously avoided." *Commonwealth v. Crowther*, 241 Pa.Super. 446, 361 A.2d 861 (1976). Accordingly, we remand for the appointment of new counsel not associated with the Delaware County Public Defender's Office to represent appellant on his appeal on the issue of ineffectiveness of trial counsel and any other issues not waived or finally litigated.

Case remanded for appointment of new counsel, after which the appeal will be given a new briefing schedule and relisted for argument.

SPAETH, J., concurs in the result.

7. Although neither the Commonwealth nor appellant raised the issue of appointment of new counsel, we may address the issue sua sponte. *Commonwealth v. Fox*, 476 Pa. 475, 383 A.2d 199 (1978). We note, however, that after this appeal had been filed and docketed, the record forwarded to this court, and argument listed, the Delaware County Public Defender's Office filed a petition in the court below to withdraw its appearance and to have new counsel appointed. The Honorable Clement J. McGovern, Jr., having before him no record or issues upon which to act, denied the petition. Had the public defender's office acted with more dispatch in petitioning for withdrawal, there would have been no need for this court to remand for appointment of new counsel. Such inattentiveness on the part of the Delaware County Public Defender's Office is inexcusable, particularly in light of *Commonwealth v. Lennox*, 270 Pa.Super. 254, 411 A.2d 514 (1979).