422 A.2d 189

**COMMONWEALTH of Pennsylvania**

v.

**Thomas Long SMOYER, Appellant.**

Superior Court of Pennsylvania.

Argued March 19, 1980.

Filed Oct. 31, 1980.

Janet W. Mason, Assistant Public Defender, West Chester, for appellant.

Lee Ruslander, Assistant District Attorney, West Chester, for Commonwealth, appellee.

Before PRICE, CAVANAUGH and WATKINS, JJ.

CAVANAUGH, Judge:

■ One of the issues raised on appeal in this case is that appellant's motion in arrest of judgment should be granted because of ineffective assistance of counsel. Trial counsel in

this case was a member of the Public defender's Office of Chester County. On appeal another member of the same public defender's office represented appellant. The alleged ineffectiveness consisted of the failure of trial counsel to demur or move for a directed verdict on the charge of homicide by vehicle.[1] Appellant alleges that the section of The Vehicle Code in question was subject to attack as a violation of the appellant's constitutional right of due process. This contention is without merit as the constitutionality of Section 3732 of The Vehicle Code has recently been upheld by our Supreme Court in *Commonwealth v. Burt*, 490 Pa. 173, 415 A.2d 89 (1980). We may not properly assume, however, that there is no other basis for the charge of alleged ineffectiveness of counsel.

We must decide on this appeal whether a member of the same public defender's office as trial counsel may raise the issue of ineffective assistance of counsel where it is not obvious that he was ineffective. As stated in *Commonwealth v. Vigue*, 279 Pa.Super. 46, 420 A.2d 736 (1980):

> The issue of ineffective assistance of counsel is by its nature a difficult one to pursue. In this case appellate counsel has raised the question of the effectiveness of counsel in the court below, who is also an associate in the same office. . . . While counsel on appeal has indicated alleged inadequacies on the part of his colleague from the public defender's office, we feel this matter would be more vigorously pursued by counsel not from the same office as trial counsel.

*See also*: *Commonwealth v. Gardner*, 480 Pa. 7, 389 A.2d 58 (1978); *Commonwealth v. Patrick*, 477 Pa. 284, 383 A.2d 935 (1978).

On appeal ". . . one member of the public defender's office [may] raise the ineffectiveness of another member if reversible error is apparent on the record." *Commonwealth v. McNeal*, 261 Pa.Super. 332, 336, 396 A.2d 424, 426 (1978). In the instant case, reversible error is not obvious,

1. The charge of homicide by motor vehicle is based on § 3732 of The Vehicle Code, 75 Pa.C.S. § 3732.

and the case must be remanded to the court below for the appointment of counsel other than a member of the public defender's office.

■ We do not condone the practice of counsel from the public defender's office raising the issue of effective assistance of counsel where trial counsel is a different attorney from the same public defender's office. If a genuine issue of effectiveness of trial counsel exists, then the public defender should request the trial court to appoint appellate counsel who is not a member of the public defender's office. The allegation of ineffective assistance of counsel is not to be lightly made. A claim of ineffective assistance of counsel is tantamount to an allegation of incompetency on the part of counsel. *See Commonwealth v. Via,* 455 Pa. 373, 316 A.2d 895 (1974). The best interest of an appellant is not served where his counsel must establish that an associate from his own office acted in an incompetent manner at trial.

Case remanded with directions that the court below appoint counsel for appellant who is not a member of the Public Defender's Office of Chester County. The appeal will then be given a new briefing schedule and relisted for argument.