424 A.2d 876

COMMONWEALTH of Pennsylvania

v.

Russell WILLIS, Appellant.

Supreme Court of Pennsylvania.

Submitted Sept. 24, 1980.

Decided Jan. 30, 1981.

John H. Corbett, Jr., David G. Metinko, Pittsburgh, for appellant.

Robert E. Colville, Dist. Atty., Robert L. Eberhardt, Deputy Dist. Atty., Kathryn L. Simpson, Asst. Dist. Atty., Pittsburgh, for appellee.

Before O'BRIEN, C. J., and ROBERTS, NIX, LARSEN, FLAHERTY and KAUFMAN, JJ.

## OPINION OF THE COURT

O'BRIEN, Chief Justice.

This is an appeal from the denial of a petition filed under the Post-Conviction Hearing Act[1] [PCHA]. Appellant, Russell Willis, represented by private counsel, was found guilty of murder of the third degree and robbery with a weapon. Following the denial of post-verdict motions appellant was sentenced to concurrent terms of ten to twenty years. By new counsel from the Allegheny County Public Defender's Office, appellant filed a direct appeal to this court; we affirmed the judgment of sentence. *Commonwealth v. Willis*, 483 Pa. 21, 394 A.2d 519 (1978). Appellant thereafter filed a petition under the PCHA alleging ineffective assistance of counsel. Again, he was, and is now, represented by a member of the Public Defender's Office. The petition was denied without a hearing; this appeal followed.

Appellant alleges that he was denied his right to representation by competent counsel. Specifically, he asserts that trial counsel failed to offer the testimony of Paul Maryniak, a reporter for the Pittsburgh Press who arrived at the scene of the shooting shortly after it occurred. Appellant contends that the reporter's testimony would have (1) impeached the testimony of a Commonwealth witness, John Chmill, (2) rebutted the accuracy of appellant's confession as it was presented by police at trial, and (3) added credibility and credence to appellant's version of the shooting as he relayed it at trial. Appellant also asserts that he was denied effective representation on appeal because of new counsel's failure to "preserve this on appeal." PCHA Petition, p. 3.

1. Act of January 25, 1966, P.L. (1965) 1580, § 1, *et seq.*, 19 P.S. § 1180–1, *et seq.* (1978–79).

Appellate counsel on direct appeal did not raise the issue of trial counsel's ineffectiveness at the earliest stage of post-trial proceedings as he was required to do. *E. g. Commonwealth v. Seachrist,* 478 Pa. 621, 387 A.2d 661 (1978). In order for the claim to be recognized at this stage appellant must assert the ineffectiveness of direct appeal counsel for failing to raise the issue. *Commonwealth v. Murray,* 481 Pa. 201, 392 A.2d 317 (1978).

Thus, we are confronted by an impediment that prevents us from considering the merits of the claim. It is well-established that we believe it is unrealistic to expect counsel to argue his own ineffectiveness. *Commonwealth v. Fox,* 476 Pa. 475, 383 A.2d 199 (1978); *Commonwealth v. Dancer,* 460 Pa. 95, 331 A.2d 435 (1975). We have expanded this holding to situations where consecutive counsel are members of the same office. This court has held that a PCHA petitioner alleging ineffective assistance of counsel may not be represented by an attorney from the office with which the allegedly ineffective attorney was associated. *Commonwealth v. Fox, supra; Commonwealth v. Sherard,* 477 Pa. 429, 384 A.2d 234 (1977). As our cases have made clear, ". . . it is incumbent upon new counsel to completely review the stewardship of his predecessor, and all arguable instances of ineffectiveness, whether or not on the trial record, must be raised at the first possible opportunity." *Commonwealth v. McNeil,* 479 Pa. 382, 384, n.*, 388 A.2d 707, 708, n.*.

In the present case, as noted above, both direct appeal counsel and present PCHA counsel were associated with the Office of the Public Defender. In *Commonwealth v. Prowell,* 249 Pa.Super. 435, 378 A.2d 374 (1977), the Superior Court stated, "[b]ecause of the inherent conflict of loyalties to one's client, on the one hand and to one's associates on the other, we cannot assume that PCHA counsel will fully explore the potential inadequacies of [prior counsel's] representation." *Id.,* 249 Pa.Super. at 438, 378 A.2d at 376. We may not assume in such cases that ". . . appellate counsel will provide the zealous advocacy to which an appellant is

entitled." *Commonwealth v. Glasco*, 481 Pa. 490, 493, 393 A.2d 11, 12 (1978); *Commonwealth v. Fox, supra.* The lack of fervid representation is underscored by appellee in the present case. The Commonwealth attacks the specificity of the PCHA petition and argues that its summary dismissal was proper. The Commonwealth further contends that "[a]ppellant's [counseled] PCHA petition fails to state the particular facts in support of his claim. Instead the petition is expressed in conclusory terms. . . ." Appellee's brief, p. 14. We have held that even in instances where counsel makes a good faith effort to review the record and raises his own or his associates' inadequacy, ". . . we cannot accept such an assessment as an objective and detached evaluation. . . . Fundamental fairness requires no less." *Commonwealth v. Bundy*, 480 Pa. 543, 546, 391 A.2d 1018, 1020 (1978).

Thus we are compelled to remand this case for appointment of new counsel, not associated with the Public Defender's Office, to represent appellant on his PCHA petition on the issue of ineffectiveness of trial and direct appeal counsel.[2] *Commonwealth v. Glasco, supra.*

Case remanded for appointment of new counsel.

---

2. The issue of appointment of new counsel was not raised, unfortunately, by appellant nor the Commonwealth. We may, however, raise the issue *sua sponte. Commonwealth v. Fox, supra*, 476 Pa. at 479, note 4, 383 A.2d at 201, note 4; *Commonwealth v. Wright*, 473 Pa. 395, 398, 374 A.2d 1272, 1273 (1977).