453 A.2d 322

COMMONWEALTH of Pennsylvania, Appellant,

v.

John Ronald DELLO BUONO.

Supreme Court of Pennsylvania.

Argued Oct. 18, 1982.
Decided Dec. 16, 1982.

William T. Nicholas, Dist. Atty., Ronald T. Williamson, Chief, Appeals Div., Asst. Dist. Atty., for appellant.

Barry M. Miller, Norristown, for appellee.

Before O'BRIEN, C.J., and ROBERTS, NIX, LARSEN, FLAHERTY, McDERMOTT and HUTCHINSON, JJ.

## OPINION OF THE COURT

ROBERTS, Justice.

The Commonwealth appeals from an order of the Superior Court granting appellee, John Ronald Dello Buono, post-conviction relief from judgments of sentence entered in 1975 after appellee pled guilty to charges arising from a series of robberies. The Superior Court granted appellee a trial on the theory that previous counsel provided ineffective assistance in failing to object to a defective guilty-plea colloquy. Because the record establishes that appellee was informed of those constitutional rights essential to an understanding and voluntary waiver of a trial, we reverse the order of the Superior Court and reinstate the judgments of sentence.

On March 5, 1975, appellee tendered a plea of guilty to the Court of Common Pleas of Montgomery County. In the presence of the court, appellee's counsel conducted an on-the-record colloquy with appellee. At that time, appellee's counsel failed to inform appellee that, if tried by a jury, a jury's verdict of guilty would have to be unanimous and that · appellee would be presumed innocent until found guilty beyond a reasonable doubt.* The trial court adjourned the hearing and continued the matter until a pre-sentence report could be prepared.

On May 2, 1975, the hearing resumed and the trial court conducted a second colloquy with appellee. In this colloquy, the court informed appellee of those rights which appellee's counsel had failed to discuss during the March 5th colloquy and then asked appellee whether he adhered to his March 5th decision to enter a plea of guilty. After this second colloquy, the trial court determined, in light of both colloquies, that appellee's plea of guilty to all charges was "knowingly, intelligently and voluntarily" entered. Accordingly, the Court accepted the plea and sentenced appellee to a term of ten to twenty-five years' imprisonment. Appellee did not file a petition to withdraw his guilty plea and did not file a direct appeal.

* Pa.R.Crim.Proc. 319(a) directs that a guilty plea is not to be accepted unless a court "determines after inquiry of the defendant that the plea is voluntarily and understandingly tendered. Such inquiry shall appear on the record." The commentary to Rule 319 provides, in pertinent part:

"[A]t a minimum the judge should ask questions to elicit the following information:

(1) Does the defendant understand the nature of the charge to which he is pleading guilty?

(2) Is there a factual basis for the plea?

(3) Does the defendant understand that he has the right to a trial by jury?

(4) Does the defendant understand that he is presumed innocent until he is found guilty?

(5) Is the defendant aware of the permissible range of sentences and/or fines for the offenses charged?

(6) Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?"

In PCHA proceedings, appellee contended that counsel had been ineffective for failing to object to an allegedly inadequate guilty-plea colloquy. After an evidentiary hearing, the PCHA court denied relief and an appeal was taken to the Superior Court.

In granting appellee a new trial, the Superior Court proceeded on the premise that appellee's plea had been accepted on March 5th. Thus the Superior Court concluded that only the March 5th colloquy, and not the subsequent colloquy of May 2nd, could be considered in determining whether appellee had voluntarily and understandingly waived his right to trial. We granted the Commonwealth's petition for allowance of appeal.

 Contrary to the Superior Court's premise, the record establishes that the trial court did not accept appellee's plea on March 5th, but instead expressly "continued" the matter until a later date. On May 2nd, prior to sentencing, the trial court stated that the determination of the voluntariness of appellee's plea had been deferred pending a pre-sentence investigation and then proceeded to conduct a colloquy with appellee. During this colloquy, the court several times referred to the March 5th colloquy, asking petitioner if he recalled and understood the rights that had been explained to him by his counsel at that time. In addition, the trial court fully explained the juror-unanimity requirement and the presumption of innocence:

"Q. You do understand, I am sure from speaking to Mr. Narducci [(defense counsel)], that the determination of the jury as to your guilt or innocence with regard to each of these separate offenses would have to be by unanimous verdict? In other words they would all collectively have to agree as to your guilt . . . with regard to each of these events, each of the offenses which have been set forth and for which you would be tried. Are you aware of that, sir?

A. Yes, I am.

Q. Do you further understand of course that as the defendant you are cloaked with the presumption of inno-

cence and you have no burden in a trial of a case, that the Commonwealth has the burden of proof which never shifts from it, the burden of proving your guilt . . . beyond a reasonable doubt with regard to each of these matters? A. Yes, I am."

Not until the end of the May 2nd colloquy did the court accept the plea, stating:

"The Court determines that the defendant knowingly, intelligently and voluntarily has entered his plea to these matters which have been reviewed not only today but also I guess several months ago. I am not sure of the date."

In light of the May 2nd colloquy, conducted prior to the court's acceptance of appellee's guilty plea, it must be concluded that appellee was fully informed of his rights. Thus, appellee has not established that counsel was ineffective for failing to challenge the guilty-plea colloquy. See *Commonwealth v. Rice,* 456 Pa. 90, 318 A.2d 705 (1974) (counsel not ineffective for failing to pursue baseless claim). Cf. *Commonwealth v. Smith,* 498 Pa. 661, 450 A.2d 973 (1982) (signed waiver form in which defendant acknowledged understanding of juror-unanimity and defendant-participation requirements foreclosed claim that counsel was ineffective for failing to object to colloquy).

Order of the Superior Court reversed and judgments of sentence reinstated.