455 A.2d 126

**COMMONWEALTH of Pennsylvania**

v.

**Robert J. CAMPBELL, Appellant.**

Superior Court of Pennsylvania.

Argued May 19, 1982.

Filed Jan. 7, 1983.

Petition for Allowance of Appeal
Denied March 22, 1983.

216

Howard K. Hilner, Pittsburgh, for appellant.

Dara A. DeCourcy, Assistant District Attorney, Pittsburgh, for Commonwealth, appellee.

Before HESTER, McEWEN and JOHNSON, JJ.

HESTER, Judge:

On March 13, 1972, the appellant, Robert J. Campbell, entered the retail jewelry store of Lebuskes and Sons, Jewelers, in the Borough of Swissvale, Allegheny County, Pennsylvania, with an accomplice and armed with a shotgun. Bernard Lebuskes and his mother, Ann Lebuskes, were in the store at that time.

Both the appellant and accomplice attempted to forcibly remove a box of rings from Ann Lebuskes's grasp. Ann Lebuskes refused to release the box; consequently, the appellant struck her arm with the shotgun thereby forcing her to release it. Having gained possession of the box, the two men then directed both victims to the rear of the store. Mrs. Lebuskes was ordered to sit on the floor and submit to the taping of her hands behind her back; Bernard Lebuskes was ordered to lie on the floor and submit to the taping of his hands and feet. The appellant and accomplice then rifled the safe lock and removed the contents of the safe. The personal property removed by the appellant and his accomplice included nine trays of assorted diamond rings and mountings, an undetermined number of birthstone rings, twenty-four Bulova watches, five Accutron watches,

and one-hundred dollars in United States currency. The total value of these items was in excess of $9,000.00.

Immediately after the two men left the premises, a young man, who was cleaning the back area of the store and went undetected, emerged and helped the victims to free themselves. Bernard Lebuskes promptly notified the police.

Bernard Lebuskes positively identified the appellant among several men composing a line-up organized by the Allegheny County Detective Bureau. Appellant was thereafter taken into custody and charged with one count of armed robbery and one count of receiving stolen goods.

On September 14, 1972, before the Court of Common Pleas of Allegheny County, the appellant entered a plea of guilty to both charges. Following a court-conducted guilty plea colloquy, the appellant was sentenced to a total term of imprisonment of ten to twenty years. Neither post trial motions nor an appeal was filed by the appellant. Instead, on February 5, 1981, the appellant filed a motion to withdraw his guilty plea nunc pro tunc. In response to this motion, the Court of Common Pleas of Allegheny County issued a rule to show cause upon the Commonwealth asking why a hearing should not be held on the appellant's motion to withdraw. The Commonwealth filed a timely answer to the motion and the appellant responded by filing an amended motion to withdraw said plea. On April 21, 1981, after due consideration of appellant's original and amended motions to withdraw and the Commonwealth's timely answer, the lower court ruled that the appellant's motion to withdraw his plea was meritless as well as untimely, discharged the rule to show cause and denied the motion to withdraw. It is from that Order that appellant appeals.

The appellant attacks the validity of the guilty plea colloquy conducted by the lower court. Specifically, he maintains its inadequacy due to the court's alleged failure to include a thorough description of the elements of the two charges brought against him, of the elements involved in a jury trial, and of his right to file a petition to withdraw within 10 days after the plea was accepted. Following a

review of the law and of the guilty plea colloquy transcript, we find these arguments to be without merit and affirm the lower court.

In an attempt to inform the appellant of the precise nature of the charges to which he was pleading guilty, the lower court made the following statement:

"I want you to know that you are charged in this indictment at No. 4407 May, 1972, in two counts, one count of armed robbery, and the second count of receiving stolen goods, and the Indictment says that on March 13, 1972, you then and there, accompanied by an unidentified male accomplice, armed with an offensive weapon, a shotgun, in and upon the body of Bernard Lebuskes, then and there trading and doing business under the name of Lebuskes Jewelry Store, and Ann Lebuskes, did make an assault, beat, strike, violence to them with intent to commit the crime of robbery, and the goods which were the subject of the robbery are described as nine trays of assorted diamond rings and mountings, an undetermined amount of birthstone rings, twenty-four Bulova watches, five Accutron watches, an the aggregate value of which is placed in the amount of $9,000.00, and a sum of one-hundred dollars cash. I ask you now if you understand the nature of the charges that are against you as they are contained in the indictment?"

It is the appellant's contention that the above description of the elements of the charges does not satisfy the standard established in the well-known case of *Commonwealth v. Ingram*, 455 Pa. 198, 316 A.2d 77 (1974). We agree with the appellant that a guilty plea is valid only if the defendant understands the nature of the charges brought against him. Furthermore, we agree with the appellant that *Ingram*, supra, holds that a mere reading of those charges will not suffice in guaranteeing that the defendant understands the nature of the charges; the court or counsel must conduct a detailed colloquy that includes a disclosure and explanation of the elements of the crimes charged in understandable terms. We do not agree, however, as recent developments in the law indicate, that *Ingram*, supra, provides the only

means by which an accused's understanding of the charges can be assured. See *Commonwealth v. Siebert*, 305 Pa.Super. 321, 451 A.2d 552 (1982); *Commonwealth v. Herberg*, 306 Pa.Super. 245, 452 A.2d 536 (1982); *Commonwealth v. Anthony*, 307 Pa.Super. 312, 453 A.2d 600 (1982), for findings of valid guilty plea colloques despite the lower court's failure to utilize specific words and phrases.

At the outset, we must recognize two standards of review when determining the propriety of the lower court's refusal to permit the withdrawal of a guilty plea. *Commonwealth v. Forbes*, 450 Pa. 185, 299 A.2d 268 (1973), established the standard that must be employed when reviewing the withdrawal of the guilty plea *prior* to sentencing. Under those circumstances, a court may allow the defendant to withdraw his guilty plea where he demonstrates "fair and just reason" for the withdrawal. Where, however, the prosecution substantially relies upon the plea to its detriment, irrespective of the presence of a fair and just reason, the withdrawal must still be denied. In those cases where the petition to withdraw is submitted to the lower court *after* sentencing, the appellant must demonstrate prejudice in the nature of "manifest injustice", before the withdrawal is granted. *Commonwealth v. Starr*, 450 Pa. 485, 301 A.2d 592 (1973). Here, the appellant filed his motion to withdraw some 8½ years following sentencing; accordingly, we are bound by the more severe standard of review of manifest injustice espoused in *Starr*, supra. To tolerate a lesser standard of review would undermine the finality of the sentencing order; to readily permit the withdrawal of the guilty plea after sentencing would accommodate those who are merely testing the severity of the sentence. *Commonwealth v. Starr*, supra.

A defendant incurs manifest injustice upon the court's denial of his motion to withdraw and where the plea was entered either involuntarily or without knowledge of those charges filed against him. See the Standards Relating to the Pleas of Guilty (Second Edition, 1980), Standard 14–2.1(b)(ii)(C). The actual question becomes, then, under what conditions will the entry of a guilty plea be considered

involuntary or without knowledge of the elements of the crime. As alluded to earlier, we recognize that there is a series of decisional law holding that a guilty plea can be deemed voluntarily entered only where, *inter alia,* there is a detailed on-the-record explanation in layman's terms of the legal elements of the crimes charged. *Ingram,* supra; *Commonwealth v. Holmes,* 468 Pa. 409, 364 A.2d 259 (1976); *Commonwealth v. Minor,* 467 Pa. 230, 356 A.2d 346 (1976); *Commonwealth v. Dilbeck,* 466 Pa. 543, 353 A.2d 824 (1976). We find it more prudent, however, to follow recent developments in the law that view the "totality of the circumstances," rather than the compliance with rigid colloquy guidelines, in determination of the voluntariness of a guilty plea. In *Commonwealth v. Shaffer,* 498 Pa. 342, 446 A.2d 591 (1982), the appellant filed an appeal from the lower court's denial of his petition to withdraw a plea of guilty to the charges of third degree murder, carrying a firearm without a license, and committing a crime with a firearm. Similarly, the appellant filed his petition to withdraw his guilty plea *after* sentencing; consequently, the appellate court was likewise bound by the "manifest injustice" standard of review. The *Shaffer* court agreed that the lower court was somewhat remiss in failing to explain the elements of the crime to which the defendant was pleading guilty; nevertheless, it refused to consider that alone as the dispositive defect. Instead, the court chose to establish a new test when analyzing the voluntariness of the guilty plea; therefore, the "totality of circumstances" standard was inaugurated. The *Shaffer* court turned to the following undeniable facts: the defendant had entered his plea of guilty after the Commonwealth had presented its entire case; the defendant, having listened to evidence of guilt, was fully apprised of the magnitude of the charges brought against him; the defendant was primarily concerned with securing a reduction in guilt of murder of the first degree to murder of the second degree and thereby incurring a lesser sentence; had the defendant been fully apprised of each and every element of the crime for which he was charged, it would have made no difference to his

decision to enter a plea of guilty. The *Shaffer* court, then, was solely concerned with whether or not the defendant understood the "nature of the charges" to which he pleaded guilty. An understanding of the "nature of the charges" is more properly accomplished by a review of the "totality of the circumstances" than by compliance with the per se rules of *Ingram,* supra.

■  We must admit, unlike here, that the defendant in *Shaffer,* supra, sat through an entire presentation of the Commonwealth's case, thereby permitting the court to reasonably presume that he was fully aware of the precise nature of the charges brought against him. We are not deterred by that fact, however. We still find the "totality of the circumstances" standard to be satisfied, as evidenced by the following facts: the appellant never asserted that the court's failure to explain in detail the elements of the charges brought against him caused his entry of the plea; he likewise never asserted that his guilty plea was not voluntarily entered; in spite of the lower court's failure to specifically enumerate the elements of the charges of armed robbery and theft by receiving stolen property, those elements were indeed covered in the court's detailed account, in the presence and hearing of the appellant, of the criminal action committed by the appellant on March 13, 1972; finally, the appellant has not convinced us that he was not primarily interested in securing a more lenient sentence than that likely to be imposed after a trial verdict of guilty.

■  The appellant's second contention is that the guilty plea colloquy was inadequate due to the court's failure to fully inform him of his rights pursuant to a jury trial. The appellant directs our attention to the Supreme Court decision in *Commonwealth v. Williams,* 454 Pa. 368, 312 A.2d 597 (1973), wherein the court analyzed the validity of a jury trial waiver colloquy. The *Williams* court was primarily concerned with whether the jury trial was waived knowingly and intelligently under Rule 1101 of the Pennsylvania Rules of Criminal Procedure. The court mandated the disclosure of three elements before a defendant's under-

standing of his constitutional right to a jury trial could be assumed. The three enumerated elements are: the jury must be selected from members of the community within which the defendant lives; the verdict of guilt or innocence must be unanimously decided upon, and the accused himself has the right to participate in the selection of his peers to serve on his jury panel. The appellant proceeds to reason that a guilty plea colloquy necessarily subsumes a waiver of a jury trial; consequently, the court must follow the *Williams'* standard by specifically discussing with the appellant those elements leading to an understanding of a jury trial proceeding.

At the guilty plea colloquy, the lower court discussed the right to a jury trial as follows:

"Now, do you understand that you have a right to have your case tried by a jury of twelve persons who would have to agree unanimously upon a verdict before you can be convicted?"

The appellant proceeds to argue that this discussion satisfies only one of the elements required by the *Williams'* court in determining the voluntariness of the waiver of a jury trial; the court failed to inform the appellant that he had the right to participate in the selection of the jury panel and that they must be among his peers in the surrounding communities. As our earlier discussion shows, we find sufficient precedent to ignore the rigid guidelines of *Williams,* supra, when determining the voluntariness of a guilty plea. We need only look to the appellant's extensive criminal record, in conformity with the "totality of circumstances" standard, to come to a sound conclusion that he fully understood the nature of his constitutional right to be tried by a jury. Over the years, the appellant has been convicted of larceny, burglary, aggravated assault and battery, second degree murder, robbery and conspiracy. Having been exposed to the criminal process on numerous occasions in the past, we find it difficult to accept that he was ignorant of the nature and extent of a jury trial at his most recent criminal proceeding. See *Commonwealth v. Fortune,* 289 Pa.Super. 278, 433 A.2d 65 (1981).

We do not wish to indicate that we are lessening the impact of *Ingram,* supra, and *Williams,* supra, and their progeny. We believe that those two decisions set forth the proper conduct of the court in conducting a guilty plea colloquy. However, we refuse to find that a colloquy that does not satisfy their standards is automatically determined inadequate and defective. Non-compliance with *Ingram,* supra, and *Williams,* supra, could render a plea involuntary where the "totality of circumstances" does not reflect any evidence to the contrary.

Having reviewed the appellant's two contentions for the withdrawal of his guilty plea, it becomes unnecessary to address the waiver issue. Furthermore, since these same two contentions do not warrant a finding of an invalid plea, defense counsel's failure to raise them as an objection during the lower court proceeding is not a basis for a finding of ineffectiveness of counsel. Counsel cannot be deemed ineffective for choosing not to pursue a meritless claim. *Commonwealth v. Musi,* 486 Pa. 102, 404 A.2d 378 (1979); *Commonwealth v. Hosack,* 485 Pa. 128, 401 A.2d 327 (1979).

Order affirmed.