463 A.2d 1161

**COMMONWEALTH of Pennsylvania**

v.

**Lisa RICHARDS, Appellant.**

Superior Court of Pennsylvania.

Argued April 26, 1983.

Filed July 29, 1983.

Carmela R.M. Presogna and Elliot Jay Segel, Assistant Public Defenders, Erie, submitted a brief on behalf of appellant.

Shad Connelly, Assistant District Attorney, Erie, for Commonwealth, appellee.

Before ROWLEY, POPOVICH and HOFFMAN, JJ.

POPOVICH, Judge:

This is an appeal from the judgment of sentence which was imposed upon appellant, Lisa Richards, after she entered pleas of guilty to charges of aggravated assault [1] and retail theft [2] pursuant to a plea bargain. We reverse and remand for the reasons herein stated.

The charges involved in the instant appeal stem from appellant's theft of twelve cans of soda pop from a conve-

**1.** 18 Pa.C.S.A. § 2702.

**2.** 18 Pa.C.S.A. § 3921.

nience store and her use of a steak knife in stabbing a police officer after the arrest. Appellant entered pleas of guilty and was sentenced to a term of imprisonment of not less than two nor more than four years on the aggravated assault conviction. The court suspended sentence on the retail theft conviction. A petition for reconsideration of sentence was denied, and this appeal followed.

In this appeal, appellant raises the following issues: (1) whether the trial court erred when it failed to articulate adequately the reasons for appellant's sentence; (2) whether the trial court abused its discretion in imposing an excessive sentence; and (3) whether trial counsel was ineffective in failing to allege in the petition for reconsideration of sentence that the court had failed to state its reasons for the sentence on the record.

■ Ordinarily, appellant's failure to assert at sentencing or in her reconsideration petition that the court failed to state on the record its reasons for the sentence would constitute a waiver. *See e.g., Commonwealth v. Walls*, 481 Pa. 1, 391 A.2d 1064 (1978); *Commonwealth v. Morris*, 273 Pa.Super. 477, 417 A.2d 748 (1979). However, appellant has alleged in her brief on appeal that trial counsel was ineffective for failing to raise the issue in appellant's reconsideration petition.

■ Before addressing this particular aspect of appellant's contention, we note that at the trial and at the reconsideration of sentence stages, appellant was represented by the Public Defender's Office of Erie County. Additionally, although the designation, "Carmela Presogna, Esquire, 23 West 10th Street, Erie, Pa. 16501," appearing on appellant's brief would seem to indicate that appellant is represented by private counsel, the prosecution asserts that appellant is still represented by the Public Defender's Office. The prosecution states that:

"even though appellate counsel has used the address of her private office on this appeal, she is representing this defendant as a member of the Public Defender's Office of

Erie County, and is alleging the ineffectiveness of a fellow member of her Erie County Public Defender's Office, that being appellant's trial counsel, Elliot J. Segal, First Assistant Public Defender." Brief for the Prosecution at 11.

If what the prosecution alleges is true, then the matter must be remanded for the appointment of independent counsel since we cannot reject a claim of ineffectiveness without allowing appellant the opportunity, if she desires, to select new counsel who is not associated with the public defender's office. *Commonwealth v. Roach*, 268 Pa.Super. 340, 341, 408 A.2d 495, 496 (1979). We are remanding for an evidentiary hearing on this matter because this Court is unable to ascertain to any degree of certainty from the evidence in the record whether appellate counsel is associated with the public defender's office. *See Commonwealth v. Rini*, 285 Pa.Super. 475, 481, 427 A.2d 1385, 1389 (1981) ("on appellate review, a court may not consider facts outside the record.")

■ The prosecution contends that even though appellant is represented by counsel from the public defender's office, a remand is unnecessary because:

"[a]lthough it is the Commonwealth's position that one public defender should not be allowed to allege or pursue a claim of ineffectiveness against another public defender from the same office because such constitutes an obvious appearance of impropriety, and appellate counsel should have been aware of such, in the case at bar any err [sic] is harmless as to this issue since the claim of ineffective assistance of trial counsel is without arguable merit based on Pennsylvania law and a reading of the record in this case." Brief for the Prosecution at 12.

We must reject the prosecution's theory because:

"our Supreme Court held that when appellant raising ineffectiveness of counsel is represented on appeal by that same counsel, we should entertain the claim *only if* reversible error is apparent on the record; if the claim is not apparent on the face of the record then we *must*

*remand* for appointment of new counsel not associated with the allegedly ineffective counsel. *Commonwealth v. Glasco,* 481 Pa. 490, 393 A.2d 11 (1978)." *Commonwealth v. Roach,* 268 Pa.Super. at 341, 408 A.2d at 496. (Emphasis added).

*Accord Commonwealth v. Patrick,* 477 Pa. 284, 287, 383 A.2d 935, 936 (1978) (" 'it cannot "be assumed that appellate counsel will provide the zealous advocacy to which an appellant is entitled." ' ").

Appellant's allegation that the sentence imposed was excessive under the circumstances is also waived for failure to raise this claim at sentencing or in a petition for reconsideration of sentence.[3]  *Commonwealth v. Morris, supra.*

Appellant does not argue that his sentence was illegal because it exceeded the statutory limits, an issue which is never waived. *See Commonwealth v. Walls, supra.* Even if she had, that issue would be without merit since the maximum sentence which appellant could have been sentenced was ten years in prison and a fine of $25,000 on the aggravated assault conviction. *See* 18 Pa.C.S.A. §§ 1101, 1103, 2702. Appellant received a sentence of not less than two nor more than four years on this conviction. Sentence was suspended on the retail theft conviction.

The matter is remanded for proceedings not inconsistent with this opinion. If appellant is entitled to select independent counsel, appellant should be given an opportunity to raise any claims which have not been waived.[4]  In that case,

**3.** However, inasmuch as the issue is inseparably linked with the allegation that trial counsel was ineffective for failing to state on the record its reasons for the sentence imposed, "judicial economy is best promoted by dispensing of the two issues in one unified proceeding." *See Commonwealth v. Maute,* 263 Pa.Super. 220, 224 ftn. 2, 397 A.2d 826, 828 ftn. 2 (1979). *Accord Commonwealth v. Abbruzzese,* 293 Pa.Super. 246, 250, 438 A.2d 977, 979 (1981). Hence, on remand, the court should address these related issues.

**4.** Of course, appellant has the option to retain present counsel. However, she first must be informed of the dangers and possible disadvantages of proceeding with an attorney associated with counsel which is alleged ineffective. *See Commonwealth v. Quarles,* 284 Pa.Super. 473, n. ***, 426 A.2d 145, 146 n. *** (1981).

any new appeal must be from the Order of the court thus imposed. Jurisdiction is relinquished.

If, however, appellant is not entitled to independent counsel, the matter should be returned to this Court for prompt disposition. Jurisdiction is to be retained in this instance.