492 A.2d 1

**COMMONWEALTH of Pennsylvania**

v.

**Gregory ADAMS, Appellant.**

Superior Court of Pennsylvania.

Argued Oct. 25, 1984.

Filed April 19, 1985.

---

Carmela R.M. Presogna, Assistant Public Defender, Erie, for appellant.

Michael R. Cauley, Assistant District Attorney, Erie, for Commonwealth, appellee.

Before SPAETH, President Judge, and BROSKY and OLSZEWSKI, JJ.

OLSZEWSKI, Judge:

This is an appeal from a conviction for burglary. Appellant contends that the lower court abused its discretion in (1) refusing to permit appellant to withdraw his guilty plea; and (2) failing to adequately justify the sentence imposed upon appellant. Appellant also raises several ineffective assistance of counsel issues which closely parallel the above contentions.

The facts of this case may be quickly summarized. Appellant, Gregory Adams, was charged with burglary. On January 14, 1983, appellant appeared with counsel before

the Honorable William E. Pfadt, presumably to enter a plea of guilty to the charge of burglary. However, during the course of the guilty plea colloquy, appellant stated that he was only pleading guilty "so that I could probably get my time running concurrent with a year." In light of this statement and other protests of innocence, the lower court listed the case for trial and scheduled jury selection. Later, following a short recess and consultation with counsel, appellant again indicated a desire to plead guilty. In exchange for the guilty plea, the Commonwealth agreed not to oppose a defense request for a concurrent sentence. The lower court accepted the guilty plea but deferred sentencing so that appellant's pre-sentence report could be up-dated.

On February 15, 1983, Judge Pfadt refused the defense's request for a concurrent sentence; appellant was sentenced to a term of two to four years to run consecutively to his prior sentence. Appellant's counsel subsequently filed both an application to withdraw the plea and an application for reconsideration of sentence. The lower court denied both applications. This appeal followed.

For reasons to be discussed *infra*, we will first address appellant's ineffective assistance of counsel claims. Appellant maintains that trial counsel was ineffective for (1) failing to insure that appellant understood the nature of the charges lodged against him and the elements of the offense of burglary; (2) failing to raise the issue of a prosecution "unkept bargain" in the application to withdraw the plea; and (3) failing to raise the sentencing issues raised in this appeal in the motion to reconsider sentence.

Appellant is currently represented by Carmela R.M. Presogna, Esquire. Appellant was represented at trial by Bradley Foulk, Esquire, of the Erie County Public Defender's Office. The Commonwealth asserts that Ms. Presogna, though she maintains a separate office, is employed as a part-time public defender in Erie County. (Brief for Commonwealth at 13). If what the Commonwealth alleges is true, then we are confronted with one member of a public

defender's office arguing the ineffectiveness of another member of the same office.[1]

A panel of the Court faced exactly the same situation in *Commonwealth v. Richards*, 317 Pa.Super. 212, 463 A.2d 1161 (1983). There, the Court remanded for an evidentiary hearing into the matter because the Court was unable to ascertain with any degree of certainty from the record whether appellate counsel was associated with the public defender's office. *Richards* at 1162.

In light of this Court's disposition in *Richards*, we too remand for an evidentiary hearing to determine whether Ms. Presogna is associated with the Erie County Public Defender's Office. If she is, then appellant is entitled to new counsel, not associated with the Erie County Public Defender's Office, to represent him on the issue of ineffectiveness of trial counsel and any other viable issue. This case, therefore, is remanded for further proceedings consistent with this opinion. We dismiss the appeal, with leave to appellant, however, to file a new appeal within 30 days after the trial court's decision on this remand.

Turning now to the remaining issues of this appeal. The issues raised in appellant's ineffectiveness claims are essentially the same as those raised in his allegations of trial court error. To analyze one set of issues is to analyze the other. We believe that a ruling regarding appellant's allegations of trial court error would unduly prejudice a later

1. The decisional law of Pennsylvania is clear. On appeal, one member of a public defender's office may raise the ineffectiveness of another member, if reversible error is apparent on the record. *Commonwealth v. Smoyer*, 281 Pa.Super. 320, 422 A.2d 189 (1980). In most cases though, as in this case, the alleged reversible error is not obvious. In this situation, this Court has been consistent in holding that the proper disposition is to remand to allow appointment of new counsel not associated with the public defender's office. *Commonwealth v. Quarles*, 284 Pa.Super. 473, 426 A.2d 145 (1981); *Commonwealth v. Smoyer, supra; Commonwealth v. Beecher*, 278 Pa.Super. 309, 420 A.2d 555 (1980). This rule is based upon the premise that the mere association of appellate counsel with the same office that represented appellant at trial has the appearance of a conflict of interests that threatens counsel's duty of zealous advocacy. *Commonwealth v. Beecher, supra*, 278 Pa.Superior Ct. at 311, 420 A.2d at 556.

presentation of the ineffectiveness claims. Therefore, in order to avoid any potential prejudice to future counsel, we decline to reach the merits of the remaining issues of this appeal.

The judgment of sentence is vacated and the case is remanded. Jurisdiction relinquished.