531 A.2d 796

COMMONWEALTH of Pennsylvania

v.

Raymond GLAZE, Appellant.

Superior Court of Pennsylvania.

Submitted April 27, 1987.

Filed Sept. 21, 1987.

Shelley Stark, Assistant Public Defender, Pittsburgh, for appellant.

Robert L. Eberhardt, Deputy District Attorney, Pittsburgh, for Com.

Before WIEAND, OLSZEWSKI and HOFFMAN, JJ.

HOFFMAN, Judge:

This is an appeal from the judgment of sentence for violations of the Controlled Substance Drug, Device & Cosmetic Act, 35 P.S. §§ 780–101 to –141.1. Appellant contends that his guilty plea counsel was ineffective for failing to file a motion to withdraw his guilty plea and his post-verdict motions counsel was ineffective for failing to allege that his guilty plea colloquy was defective. He also contends that his sentence is inappropriate. For the reasons

that follow, we vacate the judgment of sentence and remand for further proceedings.

Appellant, represented by a member of the Public Defender's Office in Pittsburgh, pleaded guilty to two counts of possession with intent to deliver a controlled substance, two counts of the sale and delivery of a controlled substance, and two counts of simple possession of a controlled substance. He was sentenced to a term of five-to-fifteen-years imprisonment. Represented by another member of the Public Defender's Office, appellant filed a motion to modify his sentence. He then filed a *pro se* supplement to the motion to modify sentence, which included a motion to withdraw his guilty plea. Following a hearing, these motions were denied. New counsel, again a member of the Public Defender's Office, was appointed, and this appeal followed.

Appellant first contends that his guilty plea colloquy was defective because he was not informed of the range of possible sentences he could receive and that his former counsel were ineffective for failing to raise and preserve this issue for appeal.

When confronted with a claim of ineffective assistance of counsel, a reviewing court must first ascertain whether the issue underlying the charge of ineffectiveness is of arguable merit and, if so, it must be determined whether the course chosen by counsel had some reasonable basis designed to serve the interests of his client.

*Commonwealth v. Buehl*, 510 Pa. 363, 378, 508 A.2d 1167, 1174 (1986). Moreover, the petitioner must demonstrate how the ineffectiveness worked to his or her prejudice. *Commonwealth v. Pierce*, 515 Pa. 153, 159, 527 A.2d 973, 976 (1987) (adopting standard of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) as standard for prejudice).

We note that here, appellant's guilty plea counsel, post-verdict motions counsel and counsel for this appeal are each members of the same Public Defender's Office. Generally, a public defender may not argue the ineffectiveness

of another member of that public defender's office who represented the client at an earlier stage of the proceedings. *Commonwealth v. Sherard,* 477 Pa. 429, 430, 384 A.2d 234, 234 (1977); *Commonwealth v. McNeal,* 261 Pa. Superior Ct. 332, 336, 396 A.2d 424, 426 (1978). Similarly, individual counsel may not argue his or her own ineffectiveness. *See Commonwealth v. Dancer,* 460 Pa. 95, 100, 331 A.2d 435, · 438 (1975). Our Supreme Court created an exception to this rule in *Commonwealth v. Fox,* 476 Pa. 475, 383 A.2d 199 (1978). In *Fox,* the Court held that "this Court will entertain a claim of ineffective assistance of counsel on appeal by the same attorney who served as trial counsel if reversible error is apparent on the record...." *Id.,* 476 Pa. at 479, 383 A.2d at 201. The rationale for this rule is as follows:

> This limited exception is allowed because it is consistent with the principles underlying the general rule. First, appellant's right to effective counsel is not impaired because regardless of how many additional reasons for reversal a more zealous advocate might bring out the result would be the same: reversal. Second, judicial economy is promoted since the appeal may be disposed of without the further procedural steps required for appointment of new counsel.

*Commonwealth v. Serianni,* 337 Pa. Superior Ct. 309, 313, 486 A.2d 1349, 1351 (1984), *allocatur denied.* We extended this exception to allow one member of a public defender's office to raise the ineffectiveness of another member of the same public defender's office if reversible error is apparent from the record. *See Commonwealth v. McNeal, supra. See also Commonwealth v. Adams,* 341 Pa. Superior Ct. 546, 549 n. 1, 492 A.2d 1, 2 n. 1 (1985); *Commonwealth v. Smoyer,* 281 Pa. Superior Ct. 320, 322, 422 A.2d 189, 190 (1980).

Applying this rule to a claim of ineffectiveness of counsel, if, from a review of the record, we can determine that appellant's underlying claim has arguable merit, counsel had no reasonable basis for his or her course of action, and counsel's ineffectiveness prejudiced appellant, we may

reverse without a remand for the appointment of new counsel and a hearing on ineffectiveness. Thus, we will first address whether appellant's contention has arguable merit.

In a motion to withdraw a plea of guilty after sentencing, a petitioner must prove to the trial court that withdrawal is necessary to correct a manifest injustice. *Commonwealth v. Schultz*, 505 Pa. 188, 191, 477 A.2d 1328, 1329–30 (1984); *Commonwealth v. Starr*, 450 Pa. 485, 490, 301 A.2d 592, 595 (1973); *Commonwealth v. Nelson*, 319 Pa. Superior Ct. 66, 70, 465 A.2d 1056, 1058 (1983). Under this standard, one seeking to withdraw a guilty plea after sentencing must demonstrate that the plea was not voluntary or was entered without knowledge of the charge. *Commonwealth v. Shaffer*, 498 Pa. 342, 346, 446 A.2d 591, 593 (1982); *Commonwealth v. Campbell*, 309 Pa. Superior Ct. 214, 219, 455 A.2d 126, 128 (1983), *allocatur denied.*

Rule 319 of the Pennsylvania Rules of Criminal Procedure requires that a court shall not accept a guilty plea unless it has determined from an on-the-record inquiry that the plea is voluntarily and understandingly entered. Pa.R. Crim.P. 319(a). The purpose of the rule requiring an on-the-record colloquy is to insure that the defendant fully understands the nature of the crimes to which he or she is pleading guilty and the rights that are being waived by the plea. *Commonwealth v. Dello Buono*, 271 Pa. Superior Ct. 572, 577, 414 A.2d 631, 633–34 (1979), *rev'd on other grounds*, 499 Pa. 308, 453 A.2d 322 (1982). A comment to the rule states that, in determining whether the plea is voluntarily and understandingly entered, the court should ask questions in six particular areas. In *Commonwealth v. Willis*, 471 Pa. 50, 369 A.2d 1189 (1977), our Supreme Court held that inquiry into these six areas is mandatory in every guilty plea colloquy. *Id.*, 471 Pa. at 51–52, 369 A.2d at 1190 (citing Pa.R.Crim.P. 319 comment). One of the six areas of inquiry is whether the defendant was made aware of the permissible range of sentences for the offenses charged. *See* Pa.R.Crim.P. 319 comment. A failure to make this

inquiry will require that the defendant be allowed to withdraw his or her guilty plea. *See Commonwealth v. Kulp,* 476 Pa. 358, 360–61, 382 A.2d 1209, 1211 (1978); *Commonwealth v. Fay,* 294 Pa.Superior Ct. 332, 336, 439 A.2d 1227, 1230 (1982).

> This question was framed recognizing that the decision to plead guilty to a charge could not be accepted as being knowingly and intelligently entered without an assurance that the accused fully comprehended the maximum punishment that might be imposed for his conduct. This information is obviously an integral part of the knowledge that should be possessed by one who is called upon to make the difficult decision whether to surrender his right to trial and to place himself at the mercy of the sentencing court. No civilized society could tolerate the waiver of such basic rights from one who was unaware of or misinformed as to such a critical fact.

*Commonwealth v. Kulp, supra,* 476 Pa. at 361, 382 A.2d at 1211.

■ Here, appellant was informed of the charges against him and whether they were felonies or misdemeanors. He was not, however, asked whether he was aware of the range of permissible sentences nor advised as to that range. *See* Guilty Plea Transcript. The absence of this inquiry from the transcript renders the colloquy defective and, accordingly, appellant's claim has merit. We also note that counsels' failures to preserve this issue was prejudicial to appellant because there were grounds for withdrawal of his plea and he was not given the opportunity to withdraw it. *Cf. Commonwealth v. Whiting,* 358 Pa.Superior Ct. 465, 472, 517 A.2d 1327, 1331 (1986) (we will determine whether claim has merit and whether it has prejudiced appellant, before remanding for hearing).

■ Our inquiry does not end here, however, because counsel is not ineffective if there was a reasonable basis for his or her course of action designed to serve the best interests of the client. Although it is unlikely here that either counsel's actions had a reasonable basis, we must consider that possibility. When it is impossible to discern

from the record whether counsel's actions had a reasonable basis, an appellate court will vacate the judgment of sentence and remand for an evidentiary hearing at which counsel will have an opportunity to explain the reasons for the course chosen. *Commonwealth v. Gray*, 339 Pa.Superior Ct. 385, 390, 489 A.2d 213, 216 (1985). *See also Commonwealth v. Turner*, 469 Pa. 319, 324, 365 A.2d 847, 849 (1976); *Commonwealth v. Spotts*, 341 Pa.Superior Ct. 31, 36, 491 A.2d 132, 135 (1985) (when counsel may have had some reasonable basis for failure to act, better course is to remand for ineffectiveness hearing). Here, because there is no record of a hearing at which appellant's former counsel might have explained their reasons for failing to raise the issue presented here, we find it impossible to determine whether there was a reasonable basis for their actions. Accordingly, because reversible error is not apparent from the record, we must remand the case for an evidentiary hearing. Moreover, we must order the appointment of new counsel not associated with the Public Defender's Office. *See Commonwealth v. Willis*, 492 Pa. 310, 312–13, 424 A.2d 876, 877 (1981) (because of inherent conflict of loyalties to one's clients and to one's associates, we can not assume that present counsel will fully explore inadequacy of prior counsel's representation).

For these reasons, we vacate the judgment of sentence and remand for a hearing to determine whether appellant's guilty plea counsel had a reasonable basis for failing to file a motion to withdraw his guilty plea and whether his post-verdict motions counsel had a reasonable basis for failing to raise the issue that the colloquy was defective. We also remand for the appointment of new counsel not associated with the Public Defender's Office to represent appellant at the hearing.[1]

Judgment of sentence vacated and case remanded. Jurisdiction is relinquished.

WIEAND, J., files a concurring statement.

1. Because of our disposition of this case, we need not reach appellant's other contention.

WIEAND, Judge, concurring:

I concur in the result. In view of appellant's averments that there was a plea bargain by which the District Attorney agreed to recommend a sentence of imprisonment for not less than two and one-half years nor more than five years, which was not placed on the record, and in view of guilty plea counsel's failure to act when the District Attorney failed to comply therewith, appellant is entitled to an evidentiary hearing on the issue of his counsel's stewardship. At that hearing he is entitled to be represented by counsel who is not associated with the Office of the Public Defender.

The need for such an evidentiary hearing, however, does not alone require that the sentence be vacated. I concur in the decision to vacate the sentence only because the trial court failed to comply with the mandate of *Commonwealth v. Riggins*, 474 Pa. 115, 377 A.2d 140 (1977), which requires that the reasons for the sentence be articulated on the record.