**COMMONWEALTH of Pennsylvania,
Appellee,**

v.

**Jorge GONZALEZ, Appellant.**

Superior Court of Pennsylvania.

Submitted June 23, 2003.

Filed Dec. 18, 2003.

John Packel, Public Defender, Philadelphia, for appellant.

Catherine L. Marshall, Assistant District Attorney, Philadelphia, for Com.

Before: DEL SOLE, P.J., JOHNSON, HUDOCK, MUSMANNO, LALLY-GREEN, KLEIN, BENDER, BOWES and GRACI, JJ.

BENDER, J.:

¶ 1 This is an appeal from a judgment of sentence imposed upon Appellant after he entered a plea of guilty to a charge of Possession with Intent to Deliver a Controlled Substance. Appellant raises two issues in this appeal:

I. Whether the issues raised in this appeal have not been waived as a result of the failure to file a Statement of Matters Complained Of on Appeal pursuant to Pa.R.A.P.1925(b) since the record does not indicate that the order directing the filing of the statement was forwarded to prior or present counsel.

II. Whether the appellant is entitled to a remand to withdraw his guilty plea or for an evidentiary hearing based upon trial counsel's ineffective assistance of counsel as a result of her failure to file a motion to withdraw the appellant's guilty plea.

Brief for Appellant, at 4.

¶ 2 After careful consideration of Appellant's arguments, we affirm.

¶ 3 Appellant was arrested by City of Philadelphia Police Officers very late on December 18, 1999, or very early December 19, 1999, shortly after being observed taking part in suspected drug sales at the corner of Howard and York Streets, in Philadelphia. After observing Appellant take part in a suspected drug transaction with an unidentified female at approximately 11:25 p.m., December 18, 1999, Officers Trappler and Scollon set up a surveillance of the intersection. At approximately 11:45 p.m., two white males were seen approaching Appellant. One of the males, later identified as Anthony Mancus, handed Appellant currency and Appellant handed Mancus several small, blue packets. Suspecting that they had just witnessed a narcotics transaction, the police followed Mancus and stopped him. Upon conducting a search, the police confiscated ten blue packets stamped with the words "White House" and containing a substance believed to be heroin.[1] After seizing the blue packets from Mancus, the police returned to the location where Appellant had been observed and, upon seeing Appellant exiting 2400 North Howard Street, arrested him.

¶ 4 On October 1, 2001, pursuant to a negotiated plea agreement, Appellant pled guilty to a charge of possession with intent to deliver a controlled substance-heroin. On the same date, and consistent with the plea agreement, Appellant was sentenced to a period of incarceration of five to ten years followed by 15 years' probation. During the oral colloquy, Appellant was advised of his right to file post-sentence motions and his right to appeal by his appointed attorney, Kristin Quinn, Esquire, a member of the Defender Association.

¶ 5 On October 22, 2001, despite the fact that the Defender Association remained counsel of record, Appellant filed a *pro se* motion to withdraw guilty plea.[2] This motion was denied on October 23, 2001. On October 31, 2001, Appellant filed a timely *pro se* notice of appeal along with a motion for leave to proceed *in forma pauperis* and for the appointment of counsel on appeal. By order dated November 19, 2001, the trial court directed Appellant to file a 1925(b) statement. Although the docket reflects that the court issued an order directing Appellant to file a Rule 1925(b) statement, the docket does not indicate whether a copy of the order was sent to either Appellant or his counsel of record. Appellant failed to comply with

---

1. These packets subsequently tested positive for heroin.

2. It is unclear from the record why the motion was filed *pro se* and not by counsel.

the trial court's order to file a 1925(b) statement. However, despite Appellant's failure to comply, the trial court drafted a brief opinion addressing the validity of Appellant's plea. On January 2, 2002, the Defender Association filed a motion to withdraw as counsel and for the appointment of new counsel. On February 5, 2002, Mitchell Strutin, Esquire, was appointed as new counsel. Mr. Strutin subsequently filed an advocate's brief on Appellant's behalf raising the issues quoted above.

¶ 6 Appellant first contends that the substantive issue raised on appeal has not been waived due to Appellant's failure to file a Rule 1925(b) Statement. We agree. Although the trial court entered an order directing Appellant to file a statement of matters complained of on appeal on November 19, 2001, to which Appellant did not comply, the docket does not reflect that the order was served on either Appellant or his counsel of record. This is significant. Under *Commonwealth v. Lord*, 553 Pa. 415, 719 A.2d 306 (1998), waiver occurs when an appellant fails to file a Rule 1925 statement, but only if the appellant is "ordered" to file one. *Id.* at 309. Under applicable case law, if neither Appellant nor his counsel were served with the order directing Appellant to file a 1925 statement, then Appellant cannot be deemed to have been "ordered" to file such a statement and the failure to do so cannot then be a basis for finding waiver of the issues on appeal. *Commonwealth v. Parks*, 768 A.2d 1168 (Pa.Super.2001). Thus, although Appellant never filed a 1925(b) statement, under the facts here, that failure does not constitute a waiver of the issues in Appellant's brief.

¶ 7 In the one substantive issue raised, Appellant asserts that counsel was ineffective for failing to file a motion to withdraw guilty plea. Since this is a direct appeal and Appellant is raising an ineffective assistance of counsel claim, we must determine whether *Commonwealth v. Grant*, 572 Pa. 48, 813 A.2d 726 (2002), requires deferment of this issue to collateral, post-conviction review, or whether it can be addressed now. In *Grant*, our Supreme Court concluded that, "as a general rule, a petitioner should wait to raise claims of ineffective assistance of trial counsel until collateral review." *Id.* at 738. However, *Grant* has not been interpreted by this Court as an absolute rule and we have addressed ineffectiveness claims on direct appeal where there has been an adequate record to do so. *See Commonwealth v. Causey*, 833 A.2d 165 (Pa.Super.2003). We believe the present case is such a case.[3] Consequently, we shall proceed to address Appellant's allegation of ineffective assistance of counsel.

¶ 8 In the present case Appellant asserts that counsel was ineffective for failing to file a motion to withdraw guilty plea. In *Commonwealth v. Persinger*, 532 Pa. 317, 615 A.2d 1305, 1307 (1992), a case that similarly dealt with an allegation that counsel was ineffective in failing to file a motion to withdraw guilty plea, our Supreme Court recited the following framework for evaluating an ineffective assistance of counsel claim:

> The threshold inquiry in such claims is whether the issue/argument/tactic which counsel has foregone and which forms the basis for the assertion of ineffectiveness is of arguable merit; for counsel cannot be considered ineffective for fail-

**3.** Indeed, in *Commonwealth v. Ingold*, 823 A.2d 917 (Pa.Super.2003), we determined that there was an adequate record to address a claim of ineffective assistance of counsel re-

lating to the failure to file a motion to withdraw guilty plea and resolved the issue on direct appeal.

ing to assert a meritless claim. If this threshold is met, it must next be established that the particular course chosen by counsel had no reasonable basis designed to effectuate his client's interest. Finally, we require that the defendant establish how counsel's commission or omission prejudiced him.

Commonwealth v. Durst, 522 Pa. 2, 4–5, 559 A.2d 504, 505 (1989) (citations omitted); Commonwealth v. Pierce, 515 Pa. 153, 527 A.2d 973 (1987).

The Court further pointed out:

In determining whether appellant's claim has arguable merit we must first look to the standard applied in withdraw of guilty plea cases.

When considering a petition to withdraw a guilty plea submitted to a trial court after sentencing, . . ., it is well-established that "a showing of prejudice on the order of manifest injustice is required before withdrawal is properly justified."

Id. (quoting Commonwealth v. Shaffer, 498 Pa. 342, 446 A.2d 591 (1982)).

¶ 9 In arguing that counsel was ineffective for failing to file a motion to withdraw guilty plea, Appellant (via counsel) seemingly ignores the fact that Appellant in fact filed a pro se motion to withdraw plea. Although the motion was filed beyond the applicable ten-day period, the same was considered by the trial court and denied on the merits.[4] Thus, analytically speaking, to prove counsel was ineffective for "failing to file a motion to withdraw plea," it would be necessary to demonstrate that a motion

filed by counsel, as opposed to the pro se motion, would have made a favorable outcome likely. To establish this, it would seem necessary to demonstrate that there existed grounds for withdrawal of the plea that Appellant omitted from his pro se motion that were within counsel's knowledge, or should have been, and which would have likely resulted in the granting of the motion had they been included in the motion to withdraw plea. Moreover, considering the difficult standard for a post-sentence withdrawal of a plea, the grounds must satisfy the manifest injustice standard. While it is certainly a feasible proposition that such grounds existed and were omitted in the pro se filing, a review of Appellant's argument reveals that he has utterly failed to assert such grounds. Indeed, Appellant has merely re-iterated the grounds set forth in his original motion to withdraw plea that was denied by the trial court.[5] As such, upon its face, Appellant has failed to set forth even a prima facie case of counsel's ineffectiveness.

¶ 10 In support of his argument that counsel was ineffective, Appellant contends, at page 25 of his brief, that he is innocent of the charge and did not commit the crime. Appellant's Brief at 25. Of course, this assertion belies the admissions made at his plea colloquy. To explain his entry of a plea notwithstanding his innocence of the charges against him, Appellant contends, without any real elaboration, that he was "coerced into pleading guilty" and had been "put in fear." Id. However, this is nothing more than a reiteration of the grounds contained in Appel-

---

4. The fact that the motion was filed late should not affect our analysis. In Commonwealth v. Jefferson, 777 A.2d 1104 (Pa.Super.2001), we examined a contention that counsel was ineffective for failing to file a timely motion to withdraw plea. We determined that counsel could not be deemed ineffective for failing to file the motion in a timely

fashion inasmuch as the court considered the motion on its merits despite the late filing.

5. Notably, Appellant does not argue that the trial court erred in denying the pro se motion to withdraw plea or in failing to grant a hearing on the motion.

lant's *pro se* motion to withdraw plea. Appellant's *pro se* motion to withdraw plea sets forth as a basis for withdrawing the plea, "coerced and put in fear." Motion to Withdraw Guilty Plea, ¶ 5. As such, here on appeal, Appellant sets forth nothing more to support a basis for withdrawing his plea than what was already asserted below.

¶ 11 Additionally, it is clear that the boilerplate grounds asserted are lacking in merit. During his colloquy, the court asked Appellant if he was pleading guilty of his own free will. Appellant responded "yes." N.T. Guilty Plea, 10/01/01, at 7. He was also asked if anyone was forcing him to plead guilty and he responded "no." *Id.* Prior to that, when apprised of his rights and of what the Commonwealth's burden would be, Appellant was asked if he still wanted to plead guilty to the charge of possession with intent to deliver heroin. Appellant responded "Yes, I'm pleading guilty. I want to get rid of this problem." *Id.* Thus, Appellant's assertions in his motion to withdraw plea and in his brief to this Court contradict the statements he made on the record at the plea proceeding. Of course, Appellant is not entitled to a withdrawal of his guilty plea by simply retracting or contradicting his statements made during the colloquy. *Commonwealth v. Pollard,* 832 A.2d 517 (Pa.Super.2003).

¶ 12 As an additional ground asserted to support the contention of ineffectiveness, Appellant suggests that he did not understand the plea colloquy as he is Spanish speaking. Again, Appellant asserted this ground in his *pro se* motion to withdraw plea. Appellant's handwritten ground for relief reads "Defendant speaks Spanish & translation was incorrect." Motion to Withdraw Plea, ¶ 5. As such, this assertion merely reiterates an allegation contained in the *pro se* motion which, of course, was denied. Moreover, like the previously discussed ground, the assertion is effectively belied by the record.

¶ 13 First, an interpreter was provided to Appellant and Appellant acknowledged at the beginning of the plea proceedings that he could understand what the court, through the interpreter, was saying. N.T. Guilty Plea, 10/1/01, at 2. Second, after sentence was imposed Appellant asked questions of the court that evidenced Appellant's comprehension of what the court was saying.[6] *Id.* at 10. Since Appellant asked questions of the court to clarify as-

---

**6.** The relevant exchange follows:

THE COURT: On Bill of information number 002–0310, charging you with possession with intent to deliver a controlled substance, I am going to impose the recommended sentence, and accordingly sentence you to serve a term of not less than five no more than 10 years in the state correctional institution.

That will be followed by 15 years probation.

The conditions of probation and parole are as follows: They will both be under the auspices and control of the Pennsylvania parole Board.

During the term of your probation or parole, there will be no drug use or possession. You will not be permitted to be in the company of any drug users or possessors.

You will be required to make a $206 court cost payment within six months of your prison release.

THE DEFENDANT: 206? So, it's five years and five years probation?

THE COURT: Not less than five years no more than 10 years in the state correctional institution. That is followed by 15 years probation.

There will be no drug use or possession. You can't be in the company of any drug users or possessors.

There will be a $206 court cost payment within six months of your prison release.

THE DEFENDANT: Six months later?

THE COURT: Yes. Do you understand everything that we have said?

THE DEFENDANT: Yes.

NT. Guilty Plea, 10/1/01 at 9–10.

pects of his sentence, it is fair to assume that had he had any other uncertainties about his sentence or the proceedings, he would have asked additional questions.

¶ 14 Thus, Appellant has again failed to set forth on appeal any ground additional to that contained in his *pro se* motion. As such, Appellant has failed to establish even the possibility that counsel was ineffective in failing to file a motion to withdraw guilty plea. Indeed, if the present offering had been presented to a PCRA court, it would have been subject to dismissal without a hearing.

■ ¶ 15 Lastly, there is no indication that Appellant either requested counsel to file a motion to withdraw his plea or made counsel aware of any grounds to support a motion for withdrawal of his plea. Counsel may be deemed ineffective for failing to file a motion to withdraw guilty plea. *Persinger, supra; Ingold, supra.; Commonwealth v. Glaze,* 366 Pa.Super. 517, 531 A.2d 796 (1987). However, counsel can hardly be deemed ineffective unless he/she is aware that grounds for withdrawal exist. Since current counsel has outlined no grounds to support the withdrawal of Appellant's plea additional to those contained in the *pro se* motion, we must assume that such grounds do not exist. Similarly, Appellant has not asserted that he asked counsel to file a motion to withdraw guilty plea.[7] In the absence of counsel's independent awareness of grounds to file a motion to withdraw plea or the entreaty of Appellant, counsel cannot be deemed ineffective for a failing to file such a plea.

¶ 16 As such, the record is sufficient to address the ineffectiveness issue presented here and there is no reason to defer consideration of the issue to collateral review.

However, upon consideration of that issue, it is patently clear that the issue, as framed and argued, lacks merit. Thus, we shall affirm the judgment of sentence imposed upon Appellant.

¶ 17 Judgment of sentence affirmed.

¶ 18 LALLY–GREEN, J. files a Concurring Opinion in which MUSMANNO, J. and GRACI, J. join.

¶ 19 DEL SOLE, P.J. files a Concurring Statement.

¶ 20 MUSMANNO, J. concurs in the result of the majority.

LALLY–GREEN, J., Concurring:

¶ 1 I concur with the Majority's opinion insofar as it holds that Appellant's issues are not waived under Pa.R.A.P.1925. I respectfully disagree, however, that Appellant's ineffectiveness claim can be addressed on the merits. In my view, the ineffectiveness claim should be deferred to the PCRA under *Commonwealth v. Grant,* 572 Pa. 48, 813 A.2d 726 (2002). Since the ineffectiveness claim is the only substantive claim on appeal, I, therefore, concur in the result of the majority's opinion.

¶ 2 As the Majority is well aware, *Grant* held that "as a general rule, a petitioner should wait to raise claims of ineffective assistance of trial counsel until collateral review." *Id.* at 738. Our Supreme Court recently created an exception to this general rule for "ineffectiveness claims on direct appeal for which there is an evidentiary record developing the claims and a trial court opinion addressing those claims." *Commonwealth v. Belak,* 573 Pa. 414, 825 A.2d 1252, 1255 n. 6 (2003) (emphasis add-

---

**7.** Although cases cited above have found counsel ineffective for failing to file post-trial/sentence motions with obvious merit, as a general rule, counsel will not be deemed ineffective for failing to file a post-trial/sentence motion absent a request by the defendant to do so. *See Commonwealth v. Cook,* 377 Pa.Super. 356, 547 A.2d 406 (1988).

ed), *citing, Commonwealth v. Bomar*, 573 Pa. 426, 826 A.2d 831 (2003).

¶ 3 In my view, neither prong of the *Bomar* exception has been established. First, no evidentiary record has been developed for the purpose of deciding whether counsel was ineffective. At most, the procedural history of the case and the record from the underlying guilty plea provide a basis for reasonable speculation as to the merits of the ineffectiveness claim. *See*, Majority Opinion at 6–11. Second, there is no trial court opinion addressing the ineffectiveness claim. As such, I would hold that the *Bomar* exception does not apply. *Commonwealth v. Ramos*, 573 Pa. 605, 827 A.2d 1195, 1199 n. 8 (2003) (*Bomar* exception does not apply where the defendant did not raise the ineffectiveness claim before the trial court, and where the court did not address the ineffectiveness issue).[8]

¶ 4 Accordingly, I concur in the result of the majority's opinion.

DEL SOLE, P.J., Concurring:

¶ 1 I join the Majority Opinion but write separately only to express my desire that the Criminal Rules Committee revisit Pa. R.Crim.P. 576(C). Rule 576(C) does not permit the clerk of courts to docket or record any filings submitted by a defendant who is represented by an attorney. In such an instance the Rule directs the clerk of courts to forward the document to the defendant's attorney within 10 days of receipt. Because of the time sensitive nature of some filings, in particular a notice of appeal, I am troubled by the effect the Rule may have on a defendant who seeks to timely perfect an appeal with a *pro se* filing.

¶ 2 To protect a defendant's efforts to file a timely notice of appeal or other time sensitive document, I suggest the Rule provide that, where a defendant submits for filing a document which is not signed by the attorney of record, the receipt of the item be marked on the docket before the document is forwarded to counsel. Notice of its mailing to counsel should also be noted on the docket. Such action will protect a defendant from having an appeal or motion dismissed as untimely where it is clear that the defendant sought to act in a timely fashion as evidenced by the timely *pro se* filing with the clerk of courts. It will also confirm that the attorney of record was notified when a defendant takes such action.

---

8. The cases cited by the Majority do not compel a different result. In *Commonwealth v. Causey*, 833 A.2d 165 (Pa.Super.2003), the defendant argued on direct appeal that counsel was ineffective for failure to file a post-sentence motion challenging the weight of the evidence. Contrary to the Majority's characterization of the case (Majority Opinion at 5), the *Causey* Court actually deferred this claim to the PCRA. *Causey*, 833 A.2d 165, *citing, Commonwealth v. Burkett*, 2003 PA Super 293, 830 A.2d 1034. In *Commonwealth v. Ingold*, 823 A.2d 917 (Pa.Super.2003), this Court addressed an ineffectiveness claim on direct appeal in large part because if the claim were deferred to the PCRA, the defendant would not be eligible for relief because he is not currently serving a sentence. *Id.* at 919. Such is not the case here.

This Court has slightly revised and expanded the *Bomar* exception to include ineffectiveness claims "where the trial court has addressed the claims on the merits after having determined that the existing record is sufficiently developed for resolution of the claims." *Commonwealth v. Watson*, 2003 PA Super 410, ¶ 16, 835 A.2d 786. Assuming *arguendo* that *Watson* properly interpreted and applied Supreme Court precedent, I would note that the trial court did not make such a determination. Thus, *Watson* does not apply.