J-S69008-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| TERRY LIGHTY | |
| Appellant | No. 302 MDA 2016 |

Appeal from the PCRA Order January 28, 2016
In the Court of Common Pleas of Lancaster County
Criminal Division at No: CP-36-CR-0000893-2011

BEFORE:  STABILE, DUBOW, and PLATT,[*] JJ.

MEMORANDUM BY STABILE, J.:                    **FILED NOVEMBER 22, 2016**

Appellant, Terry Lighty, appeals *pro se* from the January 28, 2016 order entered in the Court of Common Pleas of Lancaster County ("PCRA court"), denying his petition for collateral relief pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

This Court previously summarized the procedural and factual history of the matter as follows.

> Appellant was charged and convicted of one count of burglary of an occupied structure and one count of theft by unlawful taking.  These charges stemmed from Appellant's unauthorized entry into an occupied residence at 136 North Mary Street in Lancaster, Pennsylvania on January 18, 2011.  The victim testified that she awoke to find Appellant in her house and that he told her that he was going to take her television.  Appellant also warned the

---

[*] Retired Senior Judge assigned to the Superior Court.

victim not to call the police because he had "friends" downstairs and he knew where she lived.

The victim's neighbor, Brian Manning, noticed Appellant leaving the residence carrying some of the victim's property. Mr. Manning called 911 immediately after witnessing this and provided the police with a detailed description of Appellant's clothing and physical characteristics. A fresh snow was falling on the night of the burglary. Sergeant Philip Berkheiser tracked a single set of boot prints leading away from the crime scene down Mill Avenue, until they reached 500 West Orange Street, where he noticed other sets of footprints in the snow. While tracking these prints, Sergeant Berkheiser located an abandoned box which contained an air purifier and palm sander owned by the victim.

After Mr. Manning provided him with the suspect's description as a "black male … wearing a gray hoody, gray pants, a blue vest, and gloves," Officer Ben Bradley sent out a police radio to call all officers at 1:00 a.m.. Sergeant William Hickey received this call and, just before 2:00 a.m., he observed a black male who matched Mr. Manning's description, walking through the parking lot where his patrol vehicle was parked and heading toward the convenience store across the street. Officer Chris Genetti arrived to back up Sergeant Hickey and the two approached Appellant and identified themselves. Sergeant Hickey explained to Appellant that a burglary had just occurred at a nearby house and that he matched the suspect's description. He then asked Appellant if he would step outside the store so that he could ask him some questions about the incident.

During this period of questioning, Sergeant Hickey learned Appellant's identity and that he claimed to be staying at 602 West King Street, Apartment 5, with a person named "B" or "Bob." Appellant was patted-down for weapons, and police officers took photographs of his clothing and boots. Sergeant Hickey contacted the officers who had been at the crime scene and asked if they could bring anyone who could identify the suspect to the convenience store. Mr. Manning was brought to the store and was allowed to view Appellant from inside a police

- 2 -

vehicle. He identified Appellant's clothing as matching that of the suspect but was not able to conclusively state that Appellant was the person who he observed at the crime scene.

Appellant's photograph was later included in a photo array shown to Willy Robertson who occupied an apartment in the same building in which Appellant claimed that he was staying. Mr. Robertson identified Appellant as the person who had brought him a television the same night of the burglary. This television was recovered from Mr. Robertson's apartment by police and was identified as the same one stolen from the victim.

Appellant's trial counsel failed to file a suppression motion seeking to preclude the introduction of evidence obtained during Appellant's **Terry** stop outside the convenience store. Consequently Appellant's statements, items seized, and the photographs taken from this encounter with the police were later offered into evidence at trial.

A jury convicted Appellant of burglary of an occupied structure and theft by unlawful taking. The trial court imposed the mandatory minimum sentence of twenty-five to fifty years imprisonment pursuant to 42 Pa.C.S. § 9714(a)(2) because Appellant had a prior record that included at least two crimes of violence. We affirmed the judgment of sentence on August 14, 2012, and our Supreme Court denied allowance of appeal on April 16, 2013.

On December 24, 2013, Appellant filed a timely *pro se* PCRA petition. Appointed counsel filed an amended PCRA petition that alleged Appellant's trial counsel provided ineffective assistance for failing to file an omnibus pretrial motion seeking to suppress the evidence derived from his detention outside of the convenience store and the search of his person. Appellant requested that the PCRA court vacate his sentence and remand the matter for a new trial without the allegedly tainted evidence.

An evidentiary hearing was held on Appellant's PCRA petition on April 16, 2014.

. . .

> The PCRA court denied relief on February 5, 2015, on the grounds that Appellant, "failed to demonstrate by a preponderance of the evidence that [counsel's failure to file a] motion to suppress rises to the level of a claim of arguable merit," because trial counsel's testimony indicated that he had done the necessary investigation of Appellant's interaction with the police before determining that there were no meritorious suppression issues.

*Commonwealth v. Lighty*, No. 297 MDA 2015, unpublished memorandum, at 1-3 (Pa. Super filed Sep. 2, 2015) (internal citations omitted) (footnote omitted). This Court affirmed the PCRA court's finding that Appellant failed to meet his burden; therefore, he was not entitled to relief. *Id.* at 6.

On December 11, 2015, Appellant filed a second PCRA petition. On December 23, 2015, the PCRA court sent Appellant a notice pursuant to Pa.R.Crim.P. 907 indicating its intent to dismiss the PCRA petition. On January 14, 2016, Appellant amended his second PCRA petition in response to the PCRA court's notice. On January 28, 2016, the PCRA court dismissed Appellant's PCRA petition.

Appellant filed a timely notice of appeal on February 19, 2016. On March 1, 2016, the PCRA court directed Appellant to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant failed to file a concise statement, and the PCRA court issued an opinion on April 4, 2016.

Appellant presents seven questions in his brief; however, this Court must first address Appellant's failure to file a concise statement of matters

complained of on appeal. **See** Appellant's Brief at 7-16. Pursuant to the Rules of Appellate Procedure,

> [i]f the judge entering the order giving rise to the notice of appeal ("judge") desires clarification of the errors complained of on appeal, the judge may enter the order directing the appellant to file of record in the trial court and serve on the judge a concise statement of the errors complained of on appeal.

Pa.R.A.P. 1925(b). Furthermore, the Rules provide that "[i]ssues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived." Pa.R.A.P. 1925(b)(4)(vii). "Waiver occurs when an appellant fails to file a Rule 1925 statement, but only if the appellant is 'ordered' to file one." **Commonwealth v. Gonzalez**, 840 A.2d 326, 328 (Pa. Super. 2003).

In the matter *sub judice*, Appellant failed to file a concise statement of matters complained of on appeal after the PCRA court ordered him to do so. In his brief Appellant acknowledged receipt of the PCRA court's order directing him to file a concise statement. Appellant's Brief at 7. Thus, it is clear that Appellant received the order from the PCRA court directing him to file a concise statement and he failed to comply. Consequently, all of Appellant's claims are waived. **See** Pa.R.A.P. 1925(b)(4)(vii).

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/22/2016