J-S01020-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JASON RICHARD MORGAN | : | |
| | : | |
| Appellant | : | No. 837 MDA 2017 |

Appeal from the PCRA Order April 17, 2017
In the Court of Common Pleas of Lackawanna County Criminal Division at
No(s):  CP-35-CR-0001629-2008

BEFORE:  GANTMAN, P.J., MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY MURRAY, J.:                **FILED FEBRUARY 21, 2018**

Jason Richard Morgan (Appellant) appeals from the order dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

This case arises from an April 25, 2008 home invasion in Taylor, Lackawanna County, Pennsylvania, committed by Appellant.  During the home invasion, Appellant "held two individuals at gunpoint, caused various physical injuries to both victims during the course of the theft, and threatened further harm to the victims with the firearm."  PCRA Ct. Op., 7/19/17, at 2.

The trial court summarized the subsequent procedural history as follows:

> On December [8], 2008, [Appellant] entered a
> guilty plea to one (1) count of Burglary in violation of
> 18 Pa.C.S.A. § 3502(a), one (1) count of Robbery –

Inflict Serious Bodily Injury in violation of Pa.C.S.A. § 3701(a)(1)(i), one (1) count of Aggravated Assault in violation of 18 Pa.C.S.A. § 2702(a)(4), one (1) count of Unlawful Restraint in violation of 18 Pa.C.S.A. § 2902(a)(1), and one (1) count of Possession of an Instrument of a Crime with Intent in violation of 18 Pa.C.S.A. § 907(a). Prior to entering his guilty plea, [Appellant] executed a lengthy written plea colloquy form in which [he] indicated his awareness of the maximum penalties he was facing, the elements of the crimes charged, his satisfaction with counsel, and the terms of the Plea agreement. Moreover, this [c]ourt also conducted an on the record inquiry into whether [Appellant] was entering a knowing, voluntary, and intelligent plea. After receiving satisfactory responses from [Appellant], this [c]ourt accepted the guilty plea.

On February 2, 2009, [Appellant], while represented by counsel, filed a *pro se* Motion to Withdraw Guilty Plea, which this [c]ourt denied as hybrid representation on February 18, 2009.

On March 23, 2009, this [c]ourt sentenced [Appellant] to [78 to 160] months' confinement on the Burglary count, [42 to 100] months' on the Robbery count, and [33 to 70] months' on the Aggravated Assault charge, five (5) years' of probation on the Unlawful Restraint charge, and [16 to 32] months' confinement on the Possession of an Instrument of a Crime charge, consecutive, for an aggregate term of [169 to 362] months', or approximately [14 to 30] years' confinement, followed by five (5) years' probation.

On March 30, 2009, counsel for [Appellant] filed a Motion for Reconsideration of Sentence, which this [c]ourt denied on April 1, 2009.

[Appellant] filed a *pro se* Notice of Appeal to the Pennsylvania Superior Court on June 8, 2009. After a lengthy appellate procedural history, the Superior Court ultimately affirmed this [c]ourt's Judgment of

> Sentence on May 23, 2012. *See* [***Commonwealth v. Morgan***], 1378 MDA 2009, Order (Filed May 23, 2012).
>
> On March 28, 2013, [Appellant] filed a [*pro se* PCRA petition] and present counsel was subsequently appointed. On August 12, 2014, PCRA counsel filed an Amended PCRA Petition limiting the issue to whether [plea]/sentencing counsel [were] ineffective for failing to file a Motion to Withdraw Guilty Plea on [Appellant's] behalf. A PCRA hearing was held before this [c]ourt on October 9, 2014. On May 15, 2015, [Appellant] filed a *pro se* Notice of Appeal to the Pennsylvania Superior Court, which was ultimately quashed. *See* [***Commonwealth v. Morgan***], 871 MDA 2015, Order (Filed Aug[.] 28, 2015).
>
> On April 17, 2017, this [c]ourt denied [Appellant]'s Amended PCRA Petition and [he] appealed on May 17, 2017.

***Id.*** at 2-4.

On May 22, 2017, the trial court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure. On June 12, 2017, Appellant timely filed his Rule 1925(b) statement.

On appeal, Appellant raises the following issues for our review:

> I.  Whether [the] [l]ower [c]ourt erred in denying the Appellant's Amended Petition for Post Collateral Relief?
>
> II. Whether the [l]ower [court] erred in finding that [plea counsel and sentencing counsel were] not ineffective for failing to re-file Appellant's Motion to Withdraw Guilty Plea?

Appellant's Brief at 7.

- 3 -

Although Appellant presents two issues in the statement of questions involved section of his appellate brief, he actually only raises one issue for our review.[1] Appellant argues that his plea counsel and sentencing counsel[2] were ineffective because they did not file a pre-sentence motion to withdraw Appellant's guilty plea and therefore, the PCRA court erred in denying his PCRA petition. Specifically, Appellant contends that plea counsel should have filed the motion because after Appellant signed his written plea colloquy, he claims that someone altered the provisions regarding his potential sentence from "Defendant will receive" 6½ to 13 years of incarceration to the "Commonwealth will not oppose" a sentence of 6½ to 13 years of incarceration. *Id.* at 17.

"Our standard in reviewing a PCRA court order is abuse of discretion. We determine only whether the court's order is supported by the record and free of legal error." *Commonwealth v. Patterson*, 143 A.3d 394, 397 (Pa. Super. 2016) (quotations and citation omitted). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the

_____

[1] Appellant does not divide his argument into two parts "as there are questions to be argued" as prescribed by Pa.R.A.P. 2119(a). Moreover, Appellant's his first issue is simply a general assertion of PCRA court error that is subsumed in Appellant's second issue.

[2] Appellant was represented by the Lackawanna County Public Defender's Office. Appellant had different counsel at his guilty plea hearing and his sentencing hearing because his plea counsel left employment with the Public Defender's Office prior to sentencing.

certified record." ***Commonwealth v. Garcia***, 23 A.3d 1059, 1061 (Pa. Super. 2011).

In deciding ineffective assistance of counsel claims, we begin with the presumption that counsel rendered effective assistance. ***Commonwealth v. Bomar***, 104 A.3d 1179, 1188 (Pa. 2014). To overcome that presumption, the petitioner must establish: "(1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's action or failure to act; and (3) the petitioner suffered prejudice as a result of counsel's error, with prejudice measured by whether there is a reasonable probability that the result of the proceeding would have been different." ***Id.*** (citation omitted). To demonstrate prejudice in an ineffective assistance of counsel claim, "the petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." ***Commonwealth v. King***, 57 A.3d 607, 613 (Pa. 2012). If the petitioner fails to prove any of these prongs, the claim is subject to dismissal. ***Bomar***, 104 A.3d at 1188. Appellant must demonstrate that there is a reasonable probability that but for counsel's ineffectiveness, Appellant would have filed a pre-sentence motion to withdraw his guilty plea.

With respect to pre-sentence motions to withdraw a guilty plea, our Supreme Court, in **Commonwealth v. Carrasquillo**, 115 A.3d 1284 (Pa. 2015), explained:

> [T]here is no absolute right to withdraw a guilty plea; trial courts have discretion in determining whether a withdrawal request will be granted; such discretion is to be administered liberally in favor of the accused; and any demonstration by a defendant of a fair-and-just reason will suffice to support a grant, unless withdrawal would work substantial prejudice to the Commonwealth. The perfunctory fashion in which these principles were applied … lent the impression that this Court had required acceptance of a bare assertion of innocence as a fair-and-just reason.

**Id.** at 1291-92 (footnote and citations omitted). Therefore, the Court stated:

> [T]he proper inquiry on consideration of such a withdrawal motion is whether the accused has made some colorable demonstration, under the circumstances, such that permitting withdrawal of the plea would promote fairness and justice. The policy of liberality remains extant but has its limits, consistent with the affordance of a degree of discretion to the common pleas courts.

**Id.** at 1292.

We conclude that the PCRA court did not abuse its discretion in dismissing Appellant's PCRA petition. First, Appellant has failed to make even a bare assertion of innocence as the basis for withdrawing his guilty plea. **See id.**

Second, Appellant has likewise failed to make a "colorable demonstration … that permitting withdrawal of the plea would promote fairness and justice." *See id.* With respect to the argument he raises on appeal relating to his understanding of his potential sentence at the time he pled guilty, the record reflects that during his guilty plea hearing, Appellant specifically acknowledged that the trial court was under no obligation to sentence him to 6½ to 13 years of incarceration and that it could indeed sentence him beyond that term. N.T., 12/8/08, at 2-3, 9. Appellant also conceded this point at his PCRA hearing. N.T., 10/9/14, at 7. Moreover, plea counsel testified at Appellant's PCRA hearing that the "Commonwealth will not oppose" language in the written plea colloquy carried "legal significance" and that "as a matter of course and habit, [he] would have told [Appellant] that the [trial court] could go beyond" the 6½ to 13 years when sentencing Appellant. *Id.* at 30. The PCRA court credited plea counsel's testimony in this respect. PCRA Ct. Op., 7/19/17, at 12. Such a determination is binding on this Court. *See Commonwealth v. Medina*, 92 A.3d 1210, 1214 (Pa. Super. 2014) ("The PCRA court's credibility determinations, when supported by the record, are binding on this Court.").

Finally, the PCRA hearing transcript further indicates that neither plea counsel nor sentencing counsel were aware that Appellant desired to withdraw his guilty plea, that Appellant believed grounds existed for filing such a motion, or that he had filed a *pro se* pre-sentence motion to withdraw

his guilty plea. N.T., 10/9/14, at, 32-37, 43-46. The PCRA court likewise credited this testimony. PCRA Ct. Op., 7/19/17, at 12; *see also Medina*, 92 A.3d at 1214. This Court has held that counsel cannot be deemed ineffective for failing to file a motion to withdraw a guilty plea unless the appellant either requested counsel to do so or made counsel aware of grounds to support such a motion. ***Commonwealth v. Gonzalez***, 840 A.2d 326, 331 (Pa. Super. 2003) (*en banc*).

Therefore, even had plea counsel or sentencing counsel filed a pre-sentence motion, such motion would have failed. Consequently, Appellant was not prejudiced by either counsel's failure to file a pre-sentence motion to withdraw his guilty plea. Because Appellant failed to prove the third prong of the test for ineffectiveness, the PCRA court did not err in denying Appellant's ineffective assistance of counsel claim. ***See Bomar***, 104 A.3d at 1188.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/21/2018

- 8 -