J-S01002-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOSHUA PATRICK RICKRODE | : | |
| | : | |
| Appellant | : | No. 734 MDA 2021 |

Appeal from the PCRA Order Entered May 11, 2021
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0000333-2019

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOSHUA PATRICK RICKRODE | : | |
| | : | |
| Appellant | : | No. 735 MDA 2021 |

Appeal from the PCRA Order Entered May 11, 2021
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0000332-2019

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOSHUA PATRICK RICKRODE | : | |
| | : | |
| Appellant | : | No. 736 MDA 2021 |

Appeal from the PCRA Order Entered May 11, 2021
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0000331-2019

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JOSHUA PATRICK RICKRODE | : | |
| | : | |
| Appellant | : | No. 737 MDA 2021 |

Appeal from the PCRA Order Entered May 11, 2021
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0000330-2019

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JOSHUA PATRICK RICKRODE | : | |
| | : | |
| Appellant | : | No. 738 MDA 2021 |

Appeal from the PCRA Order Entered May 11, 2021
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0000329-2019

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JOSHUA PATRICK RICKRODE | : | |
| | : | |
| Appellant | : | No. 739 MDA 2021 |

Appeal from the PCRA Order Entered May 11, 2021
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0005646-2018

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
JOSHUA PATRICK RICKRODE :
:
Appellant : No. 740 MDA 2021

Appeal from the PCRA Order Entered May 11, 2021
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0004137-2018


COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
JOSHUA PATRICK RICKRODE :
:
Appellant : No. 741 MDA 2021

Appeal from the PCRA Order Entered May 11, 2021
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0006178-2019

BEFORE:   BOWES, J., NICHOLS, J., and COLINS, J.[*]

MEMORANDUM BY BOWES, J.:                    **FILED:  FEBRUARY 15, 2022**

Joshua Patrick Rickrode appeals from the May 11, 2021 order dismissing his petition for relief pursuant to the Post-Conviction Relief Act ("PCRA").  In this Court, Appellant's counsel, Anthony J. Tambourino, Esquire, has sought to withdraw pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988)

---

[*] Retired Senior Judge assigned to the Superior Court.

- 3 -

and *Commonwealth v. Finley*, 550 A.2d 213 (Pa.Super. 1988) (*en banc*). Upon review, we affirm and grant counsel's petition to withdraw.

All the above-captioned cases except for CP-67-CR-006178-19 ("Case No. 6178") relate to a series of thefts, trespasses, and narcotics-related offenses that Appellant committed between May 2018 and November 2018 throughout York County, Pennsylvania.[1] On June 11, 2019, Appellant entered guilty pleas in these cases to an assortment of charges, including, *inter alia*, burglary, receipt of stolen property, possession of a small amount of marijuana, trespass and criminal conspiracy. At this hearing, Appellant allocuted with specificity regarding his actions at each of these docket numbers. *See* N.T. Guilty Plea Hearing, 6/11/19, at 9-19. In lieu of immediate sentencing, Appellant's case was transferred to York County's Drug Wellness Court (the "wellness court"). Upon successful completion of this diversionary program, Appellant's summary and misdemeanor charges would have been dismissed and his felony charges would have been reduced to

_____

[1] The trial court described Appellant's spate of law-breaking as "a swath of destruction." *See* N.T. Guilty Plea Hearing, 6/11/19, at 7. On the evening of May 9 and 10, 2018, Appellant broke into numerous parked cars and pilfered dozens of items with an accomplice in Manchester, Pennsylvania. On July 9, 2018, Appellant stole $2,600 from a former employer in North York Borough. On October 16, 2018, police discovered a small amount of marijuana on Appellant's person in Mount Wolf, Pennsylvania. On October 25, 2018, Appellant was discovered trespassing in a commercial building in Mount Wolf, whereafter police again recovered a small amount of marijuana on his person. On October 29, 2018, Appellant burglarized the home of his former drug dealer in Manchester and a residential shed in Mount Wolf, taking narcotics, money, and various other items of value. On November 1, 2018, Appellant burglarized those same two locations again.

misdemeanors. *Id*. at 21. Appellant was not sentenced but was released to the custody of an in-patient treatment facility. Two weeks later, Appellant absconded. The wellness court issued a bench warrant for his arrest.

Thereafter, Appellant committed additional offenses at Case No. 6178. On the evening of August 13 and 14, 2019, numerous car owners in Mount Wolf and East Manchester Township reported that their cars had been broken into and, in some circumstances, stolen outright. Several of these vehicles were recovered near the intersection of Park Place and Park Street in the city of York, Pennsylvania. Shortly thereafter, investigating detectives learned Appellant had been the victim of an unrelated shooting on the same evening very close to this vicinity. Upon searching a residence Appellant had fled into immediately following the shooting, several items connected with the vehicle thefts were recovered. Ultimately, Appellant confessed to the vehicle thefts, refused to name his accomplices, and was charged with multiple counts each of criminal conspiracy, theft by unlawful taking, theft from a motor vehicle, and a single count of receiving stolen property.

Appellant was incarcerated while awaiting disposition of these new charges. The wellness court ordered Appellant to complete the "Freedom Program" while in prison, which is an "intensive rehabilitative program." *See* N.T. Guilty Plea & Sentencing, 1/2/20, at 21. However, he refused and asked, instead, to be transferred out of the wellness court. *Id*. at 22. On October 31, 2019, the wellness court entered an order indicating Appellant had voluntarily "opted out" of his placement in the program.

- 5 -

On January 2, 2020, Appellant entered a guilty plea at Case No. 6178. In exchange for the remaining charges being withdrawn, he entered an open guilty plea to two counts of theft by unlawful taking, and one count each of criminal conspiracy and theft from a motor vehicle. Again, Appellant provided a lengthy and specific allocution regarding his crimes. *Id*. at 7-9. Appellant simultaneously was sentenced at Case No. 6178 and at the remaining above-noted docket numbers following his transfer out of the wellness court. Prior to being sentenced, Appellant acknowledged that he failed to comply with the prescribed treatment regimen and had left the program of his own accord. *Id*. at 16-19. The trial court sentenced Appellant to an aggregate term of sixty-six to 132 months of incarceration. Appellant filed a timely post-sentence motion requesting reconsideration and reduction of his sentence to permit him to participate in a boot camp program. The trial court denied the motion. *See* Order, 2/3/20. No direct appeals were filed.

On December 23, 2020, Appellant filed a timely *pro se* PCRA petition in the above-captioned cases. In the petition, Appellant raised two grounds for relief: (1) his guilty pleas were unlawfully induced; and (2) plea counsel was ineffective due to her alleged failure to file a post-sentence motion to withdraw his guilty pleas in the above-captioned cases. *See* Petition, 12/23/20, at 8 ("I asked [plea counsel] to pull my plea after sentencing and instead she filed a motion for reconsideration against my wishes when I really wished to . . . go to trial."). Attorney Tambourino was appointed by the PCRA court to represent Appellant. Although no amended petition was filed, the trial court granted

- 6 -

Appellant's request for a hearing.[2]  On May 11, 2021, Appellant and plea counsel testified concerning the allegations in Appellant's PCRA petition. Thereafter, the PCRA court concluded that Appellant had not produced "any credible evidence" to support his claim of an unlawful guilty plea.  *See* Order, 5/11/21, at 4, 6 ("There was no coercion and there was no lawful inducement.").  With respect to Appellant's claim of ineffectiveness, the PCRA court credited plea counsel's assertion that Appellant never requested to withdraw his guilty pleas.  *Id*. at 2 ("[T]he [c]ourt finds [plea counsel] to be credible and finds [Appellant] to be incredible.").  Thus, the PCRA court denied Appellant's PCRA petition.

Appellant filed timely notices of appeal at each of the above-captioned cases.  Thereafter, this Court consolidated the cases *sua sponte*.  On October 13, 2021, Attorney Tambourino filed an application to withdraw as counsel pursuant to *Turner*/*Finley* along with a brief explaining his conclusion that Appellant's potential claims were entirely devoid of merit. Contemporaneously, Attorney Tambourino provided copies of these filings to Appellant in a letter explaining that Appellant could proceed *pro se* or with a privately retained attorney.  Appellant did not respond.

---

[2]  The PCRA court did not specifically direct Attorney Tambourino to file an amended PCRA petition.  *See* Order, 1/4/21, at ¶ 1-3.  In his application to withdraw as counsel, Attorney Tambourino averred that his independent review of the case had not uncovered any other additional issues of merit. *See* Application to Withdraw as Counsel, 10/31/21, at ¶ 6.

Attorney Tambourino has addressed the two issues in his *Turner*/*Finley*, that were presented in Appellant's *pro se* PCRA petition: (1) that Appellant's guilty pleas were involuntary because he was not fully apprised of the terms and conditions of treatment court prior to entering his plea; and (2) that plea counsel rendered ineffective assistance by failing to file a motion to withdraw Appellant's guilty pleas. *See Turner*/*Finley* brief at 4. Before considering the merits of the issues raised on appeal, we must first determine whether Attorney Tambourino has complied with the technical requirements attendant to withdrawal pursuant to *Turner*/*Finley*, namely:

> *Turney*/*Finley* counsel must review the case zealously. [Counsel] must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which the petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.
>
> Counsel must also send to the petitioner: (1) a copy of the "no-merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.
>
> If counsel fails to satisfy the foregoing technical prerequisites of *Turner*/*Finley*, the court will not reach the merits of the underlying claims but, rather, will merely deny counsel's request to withdraw. Upon doing so, the court will then take appropriate steps, such as directing counsel to file a proper *Turner*/*Finley* request or an advocate's brief.
>
> However, where counsel submits a petition and no-merit letter that do satisfy the technical demands of *Turner*/*Finley*, the court—trial court or this Court—must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief. By contrast, if the claims appear to

have merit, the court will deny counsel's request and grant relief, or at least instruct counsel to file an advocate's brief.

***Commonwealth v. Wrecks***, 931 A.2d 717, 721 (Pa.Super. 2007) (cleaned up). We are satisfied from our review of Attorney Tambourino's application and no-merit brief that he has substantially complied with these requirements. He has thoroughly detailed both the factual and procedural history of the case, along with his review of the issues raised by Appellant. Counsel has also provided a copy of these documents to Appellant and advised him of his immediate rights to raise additional points with this Court. Accordingly, we will turn to the merits.

This Court's standard of review regarding an order denying a PCRA petition inquires as to "whether the determination of the PCRA court is supported by the evidence of record and is free of legal error." ***Commonwealth v. Rizvi***, 166 A.3d 344, 357 (Pa.Super. 2017). In general, "[w]e view the findings of the PCRA court and the evidence of record in a light most favorable to the prevailing party." ***Commonwealth v. Mason***, 130 A.3d 601, 617 (Pa. 2015). Additionally, "[t]he PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions." ***Id***.

In order to be eligible for PCRA relief, a petitioner must "plead and prove by a preponderance of the evidence" that his conviction or sentence resulted from, *inter alia*: (1) "a plea of guilty unlawfully induced where the

- 9 -

circumstances make it likely that the inducement caused the petitioner to plead guilty and the petitioner is innocence;" and/or (2) "ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S. § 9545(a)(2)(ii)-(iii). Furthermore, the petitioner must also show that the alleged error has not been waived pursuant to 42 Pa.C.S. § 9545(a)(3). An issue is waived "if the petitioner could have raised it but failed to so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding." 42 Pa.C.S. § 9544(b).

Instantly, Appellant first alleged in his PCRA petition that his guilty pleas were unknowing or involuntary because the terms and conditions of his admission to the wellness court were not sufficiently explained to him. *See* *Turner*/*Finley* brief at 21. However, a "failure to petition to withdraw [a] plea, combined with failure to pursue [a] direct appeal[,] will bar consideration of an attack on one's plea in collateral proceedings." *Commonwealth v. McGriff*, 638 A.2d 1032, 1036 (Pa.Super. 1994) (citing 42 Pa.C.S. § 9544(b)). We concur with Attorney Tambourino's conclusion that this issue is meritless.

Accordingly, we turn to Appellant's allegation concerning ineffectiveness. Under the PCRA, a petitioner must establish by a preponderance of the evidence that "the issue underlying the claim of ineffectiveness has arguable merit, that defense counsel's act or omission was

not reasonably designed to advance the interests of the defendant, and that the defendant was prejudiced – that is, but for counsel's errors, the outcome of the proceeding would have been different." *Commonwealth v. Bradley*, 261 A.3d 381, 390 (Pa. 2021).

A criminal defendant has a right to effective counsel during the plea process. *Commonwealth v. Rathfon*, 989 A.2d 365, 369 (Pa.Super. 2006) (cleaned up). Thus, "[c]ounsel may be deemed ineffective for failing to file a motion to withdraw [a] guilty plea." *Commonwealth v. Gonzalez*, 840 A.2d 326, 331 (Pa.Super. 2003) (*en banc*). *Id*. However, we note that "counsel can hardly be deemed ineffective unless he/she is aware that grounds for withdrawal exist." *Id*.

We find the PCRA court's summary of the testimony at the PCRA hearing apt in assessing the arguable merit of Appellant's claim:

> [Plea counsel] testified credibly as to the nature and extent of her communication with [Appellant]. She testified that she did not recall any communications about withdrawing the plea and she got no letters from him requesting that she withdraw the plea. She testified that in the scope of her representation the focus was upon getting [Appellant] into the [wellness court] and that there was no protestation on [Appellant's] behalf that he was not guilty of the charges. That runs contrary to [Appellant's] testimony . . . . [T]he [c]ourt finds [plea counsel] to be credible and finds [Appellant] to be incredible.

Order, 5/11/21, at 1-2. Since these credibility determinations are supported by the certified record, they are binding upon us. *See Commonwealth v. Spotz*, 18 A.3d 244, 259 (Pa. 2011). Furthermore, there is no indication Appellant ever manifested a desire to withdraw his guilty plea. To the

contrary, at both plea hearings Appellant indicated he was pleading guilty of his own free will and was satisfied with plea counsel's representation.[3] **See** N.T. Guilty Plea Hearing, 6/11/19, at 19-20; N.T. Guilty Plea & Sentencing Hearing, 1/2/20, at 9-10. Accordingly, there is no arguable merit to this claim.

Based upon the foregoing, we concur with Attorney Tambourino's conclusion that this claim is meritless.

The application to withdraw filed by Anthony J. Tambourino, Esquire, is granted. Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 02/15/2022

---

[3] Appellant was advised of the consequences of pleading guilty in exchange for transfer to the wellness court. **See** N.T. Guilty Plea Hearing, 6/11/19, at 6 ("If you decide to plead guilty today to get admission to the [wellness court], you would give up those trial rights in each one of these cases and you can't change your mind later."). During his guilty plea at Case. No. 6178 and prior to his sentencing at the other dockets, Appellant articulated that he "didn't really feel like I needed to be" in treatment for his substance abuse issues and had absconded from the program not from a lack of information regarding the program, but upon his conclusion that he "didn't want to stay in that type of environment." **See** N.T. Guilty Plea & Sentencing Hearing, 1/2/20, at 16-17. Succinctly, Appellant stated: "[T]he fact that I thought that I didn't need to be there, I didn't take into consideration of [sic] drug court or anything and I left." **Id**. at 17. Thus, Appellant's failure to abide by the conditions of the wellness court was not the result of a lack of information provided to him prior to his guilty plea, but his decision not to participate in the program. **Id**. at 18 ("But at the end of the day, I do realize how I messed up my last chance. So[,] I can't really ask for much.").