J-S46007-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAMES S. WATTERSON | : | |
| | : | |
| Appellant | : | No. 385 WDA 2024 |

Appeal from the Judgment of Sentence Entered March 21, 2024
In the Court of Common Pleas of Venango County Criminal Division at
No(s):  CP-61-CR-0000669-2023

BEFORE:  LAZARUS, P.J., BOWES, J., and KING, J.

MEMORANDUM BY LAZARUS, P.J.:                    **FILED: JUNE 25, 2025**

James S. Watterson appeals from the judgment of sentence, entered in the Court of Common Pleas of Venango County, after he entered a hybrid guilty plea to theft by unlawful taking.[1]  After careful review, we affirm.

This conviction arises from an incident in which Watterson used his vehicle to tow away a utility tractor that had been left parked in the rear of Legends Motorsports, located in Cranberry Township, Venango County, without the knowledge or consent of the tractor's owner.  *See* N.T. Guilty Plea Hearing, 2/6/24, at 8.  On February 2, 2022, Watterson was charged with one count each of theft by unlawful taking and driving while operating privileges suspended/revoked.[2]  On February 6, 2023, Watterson entered a guilty plea

---

[1] 18 Pa.C.S.A. § 3921(a).

[2] *Id.* § 1543(a).

to one count of theft by unlawful taking, a felony of the third degree.[3] The plea agreement form between Watterson and the Commonwealth agreed to "recommendation as to sentencing as follows: standard range." Plea Agreement Form, 12/20/23. The trial court deferred sentencing and ordered the preparation of a presentence investigation report (PSI). On March 21, 2024, Watterson was sentenced to 42 months to 84 months' incarceration.

On March 25, 2024, Watterson filed a motion to withdraw his guilty plea on the basis that "the [c]ourt failed to follow the plea agreement provided by the Commonwealth to the recommended standard[-]range sentence." Motion to Withdraw Guilty Plea, 3/25/24, at 1 (unpaginated). On March 27, 2024, Watterson filed a motion to modify his sentence, asserting that his sentence was "too harsh, outside the standard range[,] and not in compliance with the plea agreement." Motion to Modify Sentence, 3/27/24, at 1 (unpaginated). On March 28, 2024, the court denied both motions. *See* N.T. Motion to Withdraw Guilty Plea Hearing, 3/27/24, at 27-28; *see also* Order, 3/28/24, at 1 (unpaginated). On April 1, 2024, Watterson filed a timely notice of appeal. Both Watterson and the trial court complied with the requirements of Pa.R.A.P. 1925. On appeal, Watterson raises the following issues:

> [1.] The trial court erred in failing to allow [Watterson] to withdraw his guilty plea when [Watterson] maintained that his

---

[3] After Watterson pled guilty on the charge of theft by unlawful taking, the remaining charge was nolle prossed by the Commonwealth. *See* N.T. Guilty Plea Hearing, 2/6/23, at 7.

plea was based on the understanding that the court would impose a lesser sentence than what he actually received[.]

[2.] The sentence imposed by the trial court was manifestly excessive and clearly unreasonable in its length, as it was a departure from the guidelines without sufficient reasons being placed on the record[.]

Appellant's Brief, at 2 (unnecessary capitalization omitted).

Watterson first argues that he should be able to withdraw his plea because he only entered the guilty plea under the belief that the sentencing judge would sentence him within the range that was discussed and agreed to at the time of the plea. *Id.* at 5-6. Specifically, he claims that the sentencing range discussed at the plea was based on incorrect information regarding Watterson's prior record score (PRS). *Id.* On the day of sentencing, Watterson was subsequently informed that, based on the PSI, his PRS was changed from a 5 to R-FEL and the standard range was updated to 24 to 36 months. *See* N.T. Sentencing Hearing, 3/21/24, 8, 10. Watterson further contends that he should have been allowed to withdraw his guilty plea because the trial court did not abide by the sentencing recommendation that the Commonwealth entered into with Watterson. *See* Appellant's Brief, at 5.

When considering a post-sentence motion to withdraw a guilty plea, it is well-established that "a showing of prejudice on the order of manifest injustice is required before withdrawal is properly justified." *Commonwealth v. Gonzalez*, 840 A.2d 326, 329 (Pa. Super. 2003). Post-sentence motions for withdrawal are subject to higher scrutiny since courts strive to discourage entry of guilty pleas as sentence-testing devices. *Commonwealth v. Flick*,

802 A.2d 620, 623 (Pa. Super. 2002). Manifest injustice may be established if the plea was not tendered knowingly, intelligently, and voluntarily. **Commonwealth v. Hodges**, 789 A.2d 764, 765 (Pa. Super. 2002). In addition, in determining whether a plea has been voluntarily entered, an examination of the totality of the circumstances is warranted. **Id.**

Here, the record is clear that Watterson was aware of the correct sentencing range prior to sentencing and neither he nor plea counsel objected or moved to withdraw his guilty plea upon being informed of the correct range prior to sentencing. Prior to sentencing, Watterson and plea counsel discussed all "possible sentences . . . as a[n] R-Fel [and] as a [PRS of] five." **See** N.T. Motion to Withdraw Guilty Plea Hearing, 3/27/24, at 7. At sentencing, plea counsel made no objections to the PSI and agreed with the guidelines and range for a R-Fel provided by the Commonwealth. **See** N.T. Sentencing Hearing, 3/21/24, at 8-9. Allowing Watterson to withdraw his plea would permit "sentencing-testing"—something that is explicitly prohibited. **Flick**, **supra.**

Furthermore, Watterson's argument—that the trial court did not abide by the Commonwealth's sentencing recommendation—also fails. In the video shown to Watterson before entering his guilty plea, the Honorable Matthew T. Kirtland, P.J., explained:

> If you have entered into a plea agreement with the District Attorney, you should understand that **the judge is not a party to that agreement and is not bound by the agreement nor any sentence recommendation set forth in the agreement**, unless and until the court decides to accept the agreement. **The**

**judge is free to impose upon you any sentence** up to and including the maximum sentence of imprisonment and fine for each charged offense[.]

N.T. Guilty Plea Hearing, 2/6/24, at 4-5 (emphasis added). Before entering his plea, Watterson was asked by the court if he watched the legal rights video and understood all of his legal rights. *Id.* at 6. Watterson answered in the affirmative to both questions. *Id.* The court also asked if Watterson had any questions for his attorney regarding these legal rights, and he answered no. *Id.* Additionally, a portion of the guilty plea agreement form that Watterson signed stated: "The Defendant is aware that the Judge is not bound by the terms of any plea agreement tendered, unless the Judge accepts the agreement." Plea Agreement Form, 12/20/23. Although the prosecutor is bound to act in accordance with those promises made in the process of negotiating a guilty plea, this "in no way binds the presiding judge to the terms of the agreement." *Commonwealth v. Wallace*, 870 A.2d 838, 843 n.5 (Pa. 2005), quoting *Commonwealth v. Zuber*, 353 A.2d 441, 444, n.4 (Pa. 1976).

In addition, both the Commonwealth and the trial court cite to a written guilty plea colloquy[4] completed by Watterson that stated: "Do you understand

_____

[4] We note that the certified record on appeal does not contain the written guilty plea colloquy, which is cited by both the Commonwealth and the trial court and acknowledged by Watterson at the guilty plea hearing. **See** Trial Court Opinion, 6/4/24, at 2-3; **see also** Commonwealth's Brief, at 7; **see also** Guilty Plea Hearing, 2/6/24, at 7. All parties involved in the appellate process have a duty to take steps necessary to assure that this Court has a complete record on appeal so that we have the materials necessary to review
*(Footnote Continued Next Page)*

- 5 -

the District Attorney is only making a nonbinding sentencing recommendation to the Court?" and indicates that Watterson said "yes." Appellee's Brief, at 7; *see also* Trial Court Opinion, 6/4/24, at 3; *see also* N.T. Motion to Withdraw Guilty Plea Hearing, 3/27/24, at 22. Where the terms of a plea agreement state specifically that the court is not to be bound by the Commonwealth's sentencing recommendation, a defendant acquires no right to have his plea withdrawn if a more severe sentence is imposed. *Commonwealth v. McClendon*, 589 A.2d 706, 709 (Pa. Super. 1991). By his own admission, Watterson was aware that the Commonwealth's sentencing recommendation was non-binding. *See* Appellant's Brief, at 5. Therefore, his argument fails.

We now turn to Watterson's second issue on appeal. Watterson contends that the sentence imposed by the trial court was manifestly excessive and clearly unreasonable because the trial court should not have used his prior record as a reason to enhance his sentence when it was already factored into the sentencing guidelines calculation. *See* Appellant's Brief, at 7. This claim raises a challenge to the discretionary aspects of Watterson's sentence. Prior to reaching the merits of such a claim, we conduct a four-part test to determine:

> (1) whether the appeal is timely; (2) whether Appellant preserved his issues; (3) whether Appellant's brief includes a [Pa.R.A.P. 2119(f)] concise statement of the reasons relied upon for

---

the issues raised on appeal. *See* note to Pa.R.A.P. 1921. However, we remind Watterson that, as the appellant, it is ultimately his duty to provide this Court with a completed record. *Id.*, citing *Commonwealth v. Williams*, 715 A.2d 1101, 1106 (Pa. 1998).

allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is inappropriate under the sentencing code.

*Commonwealth v. Corley*, 31 A.3d 293, 296 (Pa. Super. 2011) (citations omitted). The Commonwealth concedes, and we agree, that Watterson has satisfied the first three prongs of test. *See* Appellee's Brief, at 9. Waterson's appeal was timely, the issue was properly preserved in a motion to modify sentence, and he complied with the requirements of Rule 2119(f). Appellant's Brief, at 3-4. As for the fourth prong of the test:

> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process.

*Commonwealth v. Battles*, 169 A.3d 1086, 1090-1091 (Pa. Super. 2017) (internal citations and quotation marks omitted). "[W]e cannot look beyond the statement of questions presented and the prefatory [Rule] 2119(f) statement to determine whether a substantial question exists." *Commonwealth v. Radecki*, 180 A.3d 441, 468 (Pa. Super. 2018) (citation omitted).

In his Rule 2119(f) statement, Watterson claims that the trial court imposed a manifestly excessive sentence in that it was not individualized, in violation of the Sentencing Guidelines. This claim raises a substantial question. *See* Appellant's Brief, at 3-4; *see Commonwealth v. Glawinski*, 310 A.3d 321, 325 (Pa. Super. 2024) (claim trial court failed to engage in

individualized sentencing may raise substantial question because it essentially challenges adequacy of reasons given by court for its sentencing choice). Thus, we proceed to review Watterson's claim.

Our well-settled standard of review concerning a challenge to the discretionary aspects of sentencing is as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias[,] or ill will, or arrived at a manifestly unreasonable decision.

***Commonwealth v. Reid***, 323 A.2d 26, 30 (Pa. Super. 2024), citing ***Commonwealth v. Gonzalez***, 109 A.3d 711, 731 (Pa. Super. 2015).

Here, Watterson was sentenced to 42 months to 84 months' imprisonment, which is three months above the maximum of the aggravated range for an R-Fel, which is a departure from the sentencing guidelines, to the statutory maximum.[5] ***See*** 204 Pa. Code §§ 303a.14; 303a.6(c); ***see also*** 101 Pa. Code § 15.66(a)(4). At the sentencing hearing, plea counsel stated that Watterson had no misconduct or issues while imprisoned for 101 days.

---

[5] At sentencing, both the Commonwealth and plea counsel agreed that 120 months was the statutory maximum for a third-degree felony theft conviction. ***See*** N.T. Sentencing Hearing, 3/21/23, at 10-11. The same day, it was brought to the court's attention that the statutory maximum was, in fact, 84 months. ***Id.*** at 19-20. In the presence of the Commonwealth and plea counsel, the trial court amended its sentence to a minimum of 42 months to a maximum of 84 months. ***Id.*** at 21.

*See* N.T. Sentencing Hearing, 3/21/24, at 12. Plea counsel also stated that Watterson was recommended for inpatient services for substance abuse disorder and asked the Commonwealth to waive Watterson's disqualifying offenses so he could participate in such services, but the Commonwealth declined to do so. *Id.* Watterson testified that he had a family with a young child and that he would benefit from a "second chance with the drug treatment program." *Id.* at 13. After hearing from Watterson, plea counsel, and the Commonwealth, the trial court explained its reasons on the record for Watterson's sentence as follows:

THE COURT: In imposing sentence[,] the Court considered all the information set forth in the PSI, all reports submitted, all statements on behalf of [Watterson], arguments made on behalf of [Watterson], statements of [Watterson], arguments made by the Commonwealth, circumstances surrounding the case, and all other relevant factors including, but not limited to[,] public protection, gravity of the offense as it impacts the victim and community, rehabilitative needs of [Watterson], [the] nature and circumstances of the offense, and the history and characteristics of [Watterson]. The [c]ourt would note that in reviewing the PSI[,] there was an agreement that the prior record score was an R-Fel, but I think that doesn't do justice to what the record is. As a juvenile[,] we have the [f]elony [o]ne, [i]nvoluntary [d]eviant [s]exual [i]ntercourse. We have [] [conspiracy to commit aggravated assault, a felony one forgery, a felony two criminal trespass, a felony two burglary, felony two forgery, felony two forgery, an ungraded felony, possession with intent to deliver, a felony two burglary]. In addition to [ten] other [m]isdemeanor offenses, which top out at three points and we are over 20 points if we continue to count in the [PRS]. The R-Fel does not even account for the staggering criminal history that is set forth in this PSI. Taking into account the—over a significant period of time that these crimes occurred in a significant area in Pennsylvania, the different counties [] where these crimes took place. Mr. Watterson, you indicated to this [c]ourt that you do well on supervision, but the PSI tells an entirely different story, that you

commit crime after crime and these are not [m]isdemeanors of the [t]hird [d]egree, you have significant [f]elony convictions on your record. And looking at your record, consider[ing] all of the facts that are before the [c]ourt, the standard range set forth by the guidelines doesn't adequately address your criminal history. It calls for a guideline departure. It is not appropriate to follow the standard range as set forth due to the lengthy criminal history that has occurred.

*Id.* at 14-15.

When imposing a sentence, the Sentencing Code requires a court to consider "the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant" along with the sentencing guidelines. *See* 42 Pa.C.S.A. § 9721(b). Deviation from the sentencing guidelines is permitted, but the Sentencing Code requires the trial court to state its reasons for such deviation. *See* 204 Pa. Code § 303.13(c). Here, the trial court stated its reasons on the record. It is apparent that the trial court considered the sentencing guidelines, Watterson's history, and Watterson's testimony at the sentencing hearing. The sentencing court may consider the history and character of the defendant when imposing a sentence that is a deviation from the guidelines, including prior convictions, juvenile adjudications, or dispositions not considered in the calculation of the PRS. *See* 204 Pa. Code §§ 303a.6(f)(1)(ii), (f)(3). It is for the sentencing court to weigh these factors and impose an appropriate sentence. *See McClendon*, 589 A.2d at 715. Further, the sentencing court was free to determine the weight given the

statements of Watterson and plea counsel regarding Watterson's conduct while imprisoned and treatment recommendations.

> It is not for a reviewing court to substitute its discretion for that of the trial court, but merely to ascertain that proper consideration was given to relevant factors. The Supreme Court has made it abundantly clear that a sentencing court's discretion is broad, and that a reviewing court should not disturb the exercise of that discretion except for substantial reasons.

*Id.* Upon review, we find no abuse of discretion by the trial court and, thus, we conclude that Watterson's claim lacks merit.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 6/25/2025